EUGENE A. BREWSTER, as Executor, etc., Appellant, *v.* SPEN-
CER CARNES, Impleaded, etc., Respondent.

The record of an assignment of a mortgage is, under the Recording Act,
constructive notice to all persons of the right of the assignee, save as
excepted by the statute.

The provision of the said act (1 R. S. 763, § 41), declaring that such a
record is not of itself notice of the assignment to the "mortgagor, his
heirs or personal representatives," so as to invalidate payments made by
either of them to the mortgagee, does not include a purchaser of the
equity of redemption.

Where, therefore, in an action to foreclose a mortgage brought by an as-
signee whose assignment was on record, a purchaser of the equity of
redemption set up payments alleged to have been made by him
to the mortgagee subsequent to the recording of the assignment, *held*,
that plaintiff was not estopped by the payments, but that the purchaser
was chargeable with constructive notice of the assignment.

*Heermans* v. *Ellsworth* (64 N. Y. 159), distinguished.

Where an assignee of a mortgage, who, while owner, signed receipts for
payments individually, continued to receive payments after the assign-
ment, he giving receipts as attorney for the owner, *held*, that this was
notice that he had ceased to be the owner and only acted as attorney.

An authority to an attorney to collect interest on a mortgage does not
authorize him to collect the principal.

(Argued October 26, 1886; decided December 7, 1886.)

APPEAL from judgment of the General Term of the Su-
preme Court, in the fifth ·judicial department, entered upon
an order made October 24, 1885, which affirmed a judgment
entered upon the report of a referee.

This action was brought to foreclose a mortgage. The de-
fense was payment.

The mortgage bore date March 10, 1865, and was executed by
Calvin Dodge to Philip Ver Planck, as trustee for two infants.
On the 2d day of August, 1869, Ver Planck, as late trustee, as-
signed the mortgage to James W. Taylor, as present trustee for
the infants. On the 28th of June, 1877, James W. Taylor, as such
trustee, assigned the mortgage to Mary A. Webster, one of the per-
sons for whom he had previously held the mortgage as trustee.

This assignment was recorded on the 14th day of July, 1877. On making the assignment Taylor delivered the mortgage to Eugene A. Brewster, the plaintiff in this action, who was then acting for Mrs. Webster as her attorney. Subsequently and on the 24th day of August, 1878, Mrs. Webster assigned the mortgage to the plaintiff, as executor, etc. On the 27th day of March, 1875, the defendant, Spencer Carnes, became vested with all the right, title, interest and equity of redemption of Calvin Dodge in the premises covered by the mortgage. Carnes made payments to Taylor of the interest, from time to time, until 1880, when he forwarded drafts to Taylor for the entire amount remaining unpaid upon the mortgage, except the sum of $12.25. These payments were made to Taylor in good faith by Carnes, without knowledge that Taylor had ever assigned or disposed of the mortgage. While Taylor owned the mortgage he signed receipts for such payments individually; after he assigned it he signed as attorney for the mortgagee. Plaintiff had, in fact, authorized Taylor to continue to collect the interest upon the mortgage as it became due, but had not authorized him to collect the principal. The referee held that the plaintiff was entitled to judgment for the sum of $12.25, with the interest thereon from the 4th day of February, 1880, and ordered the usual judgment for that amount.

*E. A. Brewster* for appellant. An assignment of a mortgage and a satisfaction of a mortgage are conveyances within the meaning of the Recording Acts. (*Van Keuren* v. *Corkins*, 66 N. Y. 77; *Westbrook* v. *Gleason*, 79 id. 25; *Decker* v. *Boice*, 83 id. 215; *Bacon* v. *Van Schoonhoven*, 87 id. 446.) The assignment from Taylor to Webster was a conveyance, and was notice to all subsequent purchasers or incumbrancers of the property affected by it, and to all persons dealing with Taylor concerning the mortgage. (1 R. S. 756, §§ 1, 37, 38.) Carnes was, by force of the Recording Act, chargeable with notice that the mortgage which he was purchasing or paying had been assigned by Taylor to Mrs. Webster, to whose rights the plaintiff had succeeded. (*Viele* v. *Judson*, 82 N. Y. 32; *Smith* v.

*Knickerbocker L. I. Co.*, 84 id. 589.) One purchasing a mortgage can acquire no better title to it than the seller had, and takes it subject to all equities and rights of the parties and third persons. (*Shafer* v. *Reilly*, 50 N. Y. 61.) Authority to collect interest on the mortgage does not imply authority to collect principal. (*Smith* v. *Kidd*, 68 N. Y. 130.) The possession of the securities by the attorney, in the absence of proof *aliunde* of express authority, is indispensable evidence of his authority to collect the principal. (*Williams* v. *Walker*, 2 Sandf. Ch. 325.) The defendant had notice sufficient to put him on inquiry that Taylor had ceased to be the owner of the bond and mortgage. (*Brown* v. *Blydenburgh*, 7 N. Y. 141; *Foster* v. *Beals*, 21 id. 247; *Budd* v. *Monroe*, 18 Hun, 316; *Williamson* v. *Brown*, 15 N. Y. 354.)

*G. S. Van Gorder* for respondent. Taylor was owner of the mortgage from August 2, 1869, to June 28, 1877, and the payments made to him after the last-mentioned date on said mortgage must apply thereon, although he had sold and parted with the mortgage, they being made without notice of the assignment and in absolute good faith. (*Heermans* v. *Ellsworth*, 64 N. Y. 159; 3 Hun, 475; *Van Keuren* v. *Corkins*, 66 id. 77; *Wanzer* v. *Cary*, 12 id. 403, 405; *Meeghan* v. *Mills*, 9 Johns. 64; *Hartley* v. *Tatham*, 10 Bosw. 283; *Young* v. *Guy*, 23 Hun, 1, 9; *Reed* v. *Marble*, 10 Paige, 413; *N. Y. L. I. & T. Co.* v. *Smith*, 2 Barb. Ch. 83; *Mathews* v. *Wallwyn*, 4 Ves. Jr. 118, 126, 127; Bacon's Abridgment, vol. 1 [White's ed.], 157; *Williams* v. *Sorrell*, 4 Ves. Jr. 389; *Stoddard* v. *Gailor*, 90 N. Y. 579; *Huntington* v. *Potter*, 32 Barb. 304; *James* v. *Morse*, 2 Cow. 258; Adams' Eq. 53, 54; *Jones* v. *Gibbon*, 9 Ves. Jr. 410; Thomas on Mort. 118, 124; Powell on Mort. [3d ed.] 186, 187, 189; *Clark* v. *Mackin*, 95 N. Y. 346; *Duchess of Clevelang* v. *Dashwood*, 2 Fram. 250; *Hetzell* v. *Barbour*, 6 Hun, 535, 541; *Pettus* v. *McGowan*, 27 id. 409; Jones on Mort., § 791.) The onus was upon plaintiff to show that defendant had notice of the transfer. (*Heermans* v. *Ellsworth*, 64 N. Y. 161; *Meeghan* v. *Mills*, 9 Johns. 65; *Mickles*

v. *Townsend*, 18 N. Y. 580; *Mathews* v. *Wallwyn*, 4 Ves. Jr. 118, 127; *N. Y. L. I. & T. Co.* v. *Smith*, 3 Barb. Ch. 83; Jones on Mort., § 791; *Pettus* v. *McGowan*, 37 Hun, 409.) The grantee of a mortgagor succeeds to his equities. (*Seward* v. *Huntington*, 94 N. Y. 114; *Grant* v. *Duane*, 9 Johns. 591; *Runyan* v. *Meserau*, 11 id. 534; Bacon's Abridgment, vol. 7 [White's ed.], 241, 252, 253, 254, 255, 256, 257; *Howard Ins. Co.* v. *Halsey*, 8 N. Y. 273; Adams' Eq. [2d Am. ed.] 113, 114, 122; *Kortright* v. *Cady*, 21 N. Y. 363, 364; *Frost* v. *Yonkers Savings Bk.*, 70 id. 553, 558; *Mickles* v. *Townsend*, 18 id. 580; *Mathews* v. *Wallwyn*, 4 Ves. Jr. 118; *Trustees of Union College* v. *Wheeler*, 61 N. Y. 121, 122; Thomas on Mort. 91, 92, 243, 244, 299, 300; *Moore* v. *Metropolitan Bk.*, 55 N. Y. 47, 48, 49; *McLallen* v. *Jones*, 20 id. 167; *Butler* v. *Viele*, 44 Barb. 166; *Kelsey* v. *Lyon*, 97 N. Y. 629; *Stoddard* v. *Gailor*, 90 id. 575.) The only effect of recording the assignment of a mortgage is to protect the assignee from a subsequent sale of the same mortgage. (R. S. [6th ed.], § 76, p. 1151; *Greene* v. *Warwick*, 64 N. Y. 220, 226, 227; *Gillig* v. *Maas*, 28 id. 209, 213, 214; *Jones* v. *Gibbon*, 9 Ves. Jr. 411; *Crane* v. *Turner*, 67 N. Y. 440; *Purdy* v. *Huntington*, 42 id. 348; *Pettus* v. *McGowan*, 37 Hun, 409; *Wanzer* v. *Carey*, 12 id. 405.) A mortgage is a non-negotiable instrument. (*Moore* v. *Met. Bk.*, 55 N. Y. 41; *Greene* v. *Warwick*, 64 id. 224; *Marvin* v. *Inglis*, 39 How. 329; *Hartley* v. *Tatham*, 10 Bosw. 282; *Bush* v. *Lathrop*, 22 N. Y. 535; 4 Bouvier's Institutes, 234.) The omission of Taylor to produce the bond and mortgage to Carnes when Carnes paid them does not in this case show that Carnes had no right to pay him. (*Van Keuren* v. *Corkins*, 66 N. Y. 77, 80. The authority of an agent is not only that conferred upon him by his commission, but also, as to third persons, that which he is held out as possessing. (*Rawls* v. *Deshler*, 3 Keyes, 572; Thomas on Mort. 111; *McNeil* v. *Tenth Nat. Bk.*, 46 N. Y. 325, 329; *Root* v. *French*, 13 Wend. 572; *Coddington* v. *Bay*, 20 Johns. 637; *Saltus* v. *Everett*, 20 Wend. 280, 281; *Buller* v. *Harrison*, Cowper, 565; *Walsh* v. *Hartford F. I. Co.*, 72 N. Y. 10; *Clark* v.

*Met. Bk.*, 3 Duer, 248; *McNeilly* v. *Cont. L. I. Co.*, 66
N. Y. 28; *Claflin* v. *Lenheim*, 66 id. 301, 305; *Neal* v. *Irving*,
1 Esp. 61; 2 Kent's Com. [1st ed.] 479, 480 and 505; *Cairns
& Lord* v. *Beecker*, 12 Johns. 305; *Hern* v. *Nichols*, 1 Salk.
289; *Moore* v. *Met. Bk.*, 55 N. Y. 47; 1 Pars. on Cont.
[4th ed.] 59–64; *N. Y. & N. H. R. R. Co.* v. *Schuyler*,
34 N. Y. 69; *Cragie* v. *Hadley*, 99 id. 131.) Even though
Taylor was not expressly authorized by words of the plain-
tiff to receive the principal sum secured by the bond and
mortgage, yet having been authorized by the plaintiff to re-
ceive payments of interest on the mortgage, and Carnes not
knowing of any limit on his authority to receive the money
on the mortgage, and the plaintiff having received from Tay-
lor the moneys paid by Carnes on the bond and mortgage,
both during the time that Webster owned them and during the
time that he (plaintiff) owned them, cannot deny Taylor's
authority to receive the whole amount of principal and interest.
(*Whitbeck* v. *Schuyler*, 44 Barb. 469, 471; *Westfield Bk.* v.
*Cornen*, 37 N. Y. 320; *N. Y. & N. H. R. R. Co.* v.
*Schuyler*, 34 id. 60, 68; *Goodson* v. *Brooke*, 3 Campb. 164; 1
Pars. on Cont. [4th ed.] 59, 64; 2 Bouv. Inst. 33, 34 and 45;
Chitty on Cont. [3d Am. ed.] 58; *Exch. Bk.* v. *Monteath*,
26 N. Y. 505; *Griswold* v. *Haven*, 25 id. 595, 602; *F. &
M. Bk. of Kent Co.* v. *B. & D. Bk.*, 16 id. 133; *Lightbody*
v. *N. A. Ins. Co.*, 32 Wend. 22, 23; *Armour* v. *Michigan
Cent. R. R. Co.*, 65 N. Y. 123, 124; *People* v. *Bk. of N. A.*,
75 id. 548; *Rawls* v. *Deshler*, 3 Keyes, 572; *Dunning* v.
*Roberts*, 35 Barb. 467.) Taylor's authority was such as to
authorize him to receive the payments, principal and interest.
The mortgage being all due (Dec. 1, 1879) after the time of
payment had been extended by the agreement between Taylor
and Carnes, the defendant had the right at any time to pay it.
(*Gildersleeve* v. *Lundon*, 7 Week. Dig. 114; Ct. of App., 73
N. Y. 609; *Elwood* v. *W. U. T. Co.*, 45 id. 549; *Sheridan* v.
*Mayor, etc.*, 8 Hun, 424; *Kavanaugh* v. *Wilson*, 70 N. Y.
177; *Brooklyn* v. *Crosstown R. R. Co.*, 75 id. 591; *S. C.*, 7
Week. Dig. 572, 574; *Pease* v. *Barnett*, 27 Hun, 378, 379;

*Kochler* v. *Adler*, 78 N. Y. 287; *Wallace* v. *Marks*, 13 Week. Dig. 399; *Russell* v. *Freer*, 56 N. Y. 59; *Nicholson* v. *Connor*, 7 Week. Dig. 524.) The plaintiff must be deemed to have known of the agreement between Carnes and Taylor, extending the time of payment of the mortgage; and to have taken the same subject thereto, and to have known all that Taylor, his agent, knew concerning the matter, and payment to Taylor was, under the facts in this case, payment to the plaintiff. (*Holden* v. *N. Y. & E. Bk.*, 72 N. Y. 286, 292–296; *Hier* v. *Odell*, 18 Hun, 13, 14; *Whitbeck* v. *Schuyler*, 44 Barb. 469, 471; *Moore* v. *McKibben*, 33 id. 246; *Ingalls* v. *Morgan*, 10 N. Y. 178, 184, 185; *Downer* v. *Carpenter*, 1 Hun, 542, 591; *Davis* v. *Keyes*, 38 N. Y. 94; *Griswold* v. *Haven*, 25 id. 595, 599, 600, 601; *Sutton* v. *Dillaye*, 3 Barb. 250; *Bennett* v. *Buchan*, 76 N. Y. 386; *Merch. Bk.* v. *Meyers, Steele & Co.*, 2 Week. Dig. 214; *Hill* v. *Miller*, 76 N. Y. 32.)

MILLER, J. Under the Revised Statutes (1 R. S. 763, § 41), the recording of an assignment of a mortgage is not, of itself, notice of such assignment to a mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them, or either of them, to the mortgagee.

The section of the statute above cited cannot be said to apply to the facts which are presented for consideration in the case under advisement as is apparent from a careful reading of the same. The defendant who made the payment was not the mortgagor, nor his heir, nor his personal representative. He was the purchaser of the equity of redemption and became seized of the premises subject to the mortgage. He was not, therefore, a party named in the statute, or from its phraseology intended to be embraced within its terms. If the statute was designed to include a purchaser of the mortgaged premises it no doubt would have so stated and thus made it manifest that such was its intention. Nor was the payment made to the mortgagee, the party named, but to a third person, who claimed

to act for the owner of the mortgage, without any authority at any time to receive payments upon the principal.

It would seem, therefore, that the statute cited does not embrace any such case as is presented by the evidence here, and if the payments made can be upheld it must be upon some other and entirely different ground.

This is sought to be done, and reliance is placed upon Jones on Mortgages, § 791, and *Heermans* v. *Ellsworth* (64 N. Y. 159), which, it is claimed, bear upon the construction which is to be given to said section of the Revised Statutes. In Jones on Mortgages the notice, it is said, must be given to the owner of the equity of redemption in order to protect the assignee against payments made in good faith by the mortgagor, or the party liable to pay the mortgage to the assignor; that the recording of the assignment is not of itself such notice of the assignment as will afford such protection. The rule stated would seem to be in direct conflict with the general rule relating to the effect to be given to the assignments of mortgages when placed on record, and to conveyances to subsequent purchasers of the mortgaged premises who take title subject to the mortgage. It is a well-established principle of law that the assignment of a mortgage, and the satisfaction of the same are conveyances within the meaning of the Recording Act. ( *Van Keuren* v. *Corkins*, 66 N. Y. 77; *Westbrook* v. *Gleason*, 79 id. 23, 25 ; *Decker* v. *Boice*, 83 id. 215 ; *Bacon* v. *Van Schoonhoven*, 87 id. 446.)

Taylor, to whom the payments in controversy were made by defendant Carnes, was the owner of the mortgage and assigned the same to Mrs. Webster, which assignment was recorded on the 14th of July, 1877. This was before the payment from Carnes to Taylor in 1880 was made, and was a notice to all subsequent purchasers or incumbrancers of the mortgaged property, and to all persons who might afterward have any dealing with Taylor in regard to the mortgage. Carnes, in making payments on the mortgage after the recording of the assignment, was a purchaser subsequent to Mrs. Webster, whose title, by virtue of the assignment, was previously recorded.

Under the Recording Act, therefore, Carnes was chargeable with notice that the mortgage, which he intended to pay, had been assigned by Taylor to another party, Mrs. Webster, who subsequently assigned her rights therein to the plaintiff.

The record of an assignment of a mortgage is constructive notice to all persons of the rights of the assignee, save as excepted by the statute. (*Viele* v. *Judson*, 82 N. Y. 32.) In the case cited it is laid down in the opinion by FINCH, J., that the recording of an assignment furnishes protection against any subsequent assignment of the same mortgage or any unauthorized discharge, and is notice that the rights of the mortgagee are gone, and that he can neither assign nor discharge the instrument. This case is directly in point and very distinctly covers the question presented. The record of the assignment here, as in the case cited, was an ample protection to the plaintiff's claim and notice to Carnes that Taylor had disposed of his interest in the mortgage.

In *Heermans* v. *Ellsworth* (*supra*), the action was upon a demand against the defendant for money loaned by the plaintiff's assignor, and it was held that it is the duty of an assignee of a non-negotiable chose in action, in order to protect himself against a payment by the debtor to the original creditor, to notify the former of the assignment, and that in an action upon the demand where such a payment is established, the burden of proving notice prior to payment is upon the plaintiff. No question arose as to constructive notice or the effect of the Recording Act, and the case cited, therefore, is not in point.

Inasmuch as, upon the recording of the assignment, Carnes had constructive notice thereof it is not material whether he had notice otherwise sufficient to put him upon inquiry that Taylor had ceased to be the owner of the mortgage. It may be remarked, however, that before the assignment of the mortgage by Taylor to Webster the receipts were signed by Taylor individually, and subsequent to the assignment they were signed by him as attorney for the mortgagee, thus disclosing and notifying the defendant that Taylor had ceased to be the owner of the mortgage, and that he only acted as attorney for the owner.

Having this information, it would seem to have been the duty of the defendant to have made further inquiry as to the ownership of the mortgage before making payments.

As to the claim of the defendant's counsel that the omission of Taylor to produce the bond and mortgage when Carnes made payments thereon does not, in this case, show that Carnes had no right to make such payments to him, it may be remarked, that if constructive notice was given of the assignment by the recording thereof, then it is not material to discuss the effect of Taylor's not producing the bond and mortgage. If however, any question can arise as to the non-production of the bond and mortgage, it is a complete answer to the position taken that although Taylor had authority to collect interest such authority did not authorize him to receive the principal. This was held in *Smith* v. *Kidd* (68 N. Y. 130), where it is said in the opinion by RAPALLO, J., that it is incumbent on the debtor who makes a payment to an attorney to show that the securities were in the attorney's possession on each occasion when the payments were made, and that it is not incumbent on the creditor to show notice to the debtor of the withdrawal of the papers from the possession of the attorney.

Under these circumstances, there is no ground for claiming that plaintiff is estopped from denying the right of Taylor to receive the principal due upon the mortgage. There is no foundation for the position that Taylor, as agent, had any authority from the plaintiff beyond that which authorized him to receive the interest, or that the plaintiff was chargeable with negligence in his failure to give notice to the defendant Carnes that he was the assignee of the mortgage.

As the referee erred in his conclusion, and the General Term in affirming the judgment on his report, the judgment should be reversed, and a new trial granted, with costs to abide the event.

All concur, except RUGER, Ch. J., not voting.

Judgment reversed.