WILLIAM A. FULLERTON and WILLIS F. MOULD, Appellants, v. WILLIAM McLAUGHLIN, Respondent.

*Contract for the conveyance of real estate — extension of time of payment — scope of agency — specific performance.*

Proof of an agency in a third party to fill in the description of land in a contract for a conveyance thereof made by a land owner, so as to render the contract a valid and authorized one, and of an admission by the land owner that such agent "did all his business for him," does not establish power in the agent to modify or change the contract when made so as to extend the time prescribed therein at which payment must be made, in order to entitle the other contracting party to a conveyance.

When a contract for a conveyance of land provides that the party to whom it is given shall pay the purchase price at a certain date, and that if the money is not then paid, the contract shall be null and void, the time of payment is of the essence of the contract, and strict fulfillment, unless duly waived, or the time is extended, is requisite to give a right to compel specific performance of the contract to convey.

APPEAL by the plaintiffs, William A. Fullerton and Willis F. Mould, from a judgment of the Supreme Court dismissing the complaint, entered in the office of the clerk of Franklin county on the 20th day of June, 1892, upon a decision of the court, rendered after a trial, by the court, without a jury.

The action was brought to compel the defendant to make conveyance to the plaintiffs, of the premises described in the following contract executed between them :

"Articles of Agreement made this 27th day of Dec. in the year of our Lord one thousand eight hundred and eighty-nine, between William McLaughlin of Racquette Pond, party of the first part, and W. A. Fullerton of Everton, N. Y., and W. F. Mould of Santa Clara, N. Y., parties of the second part.

"Witnesseth ; that said party of the first part, hereby covenants and agrees that if the parties of the second part shall first make the payment and perform the covenants hereinafter mentioned on their part to be made and performed, the said party of the first part will convey and assure to the parties of the second part in fee simple clear of all incumbrances whatever, by a good and sufficient war-

ranty deed, the following lots, pieces or parcels of ground, viz.: Two lots on Racquette Pond (not yet surveyed). One of said lots is marked by the site of an old barn and the other just below the first lot selected by H. Garvey. Both are corner lots.

{ Block No. (5) five, lots Nos. (1 & 2) one and two. }
{ Block No. (6) six, lots Nos. (5 & 4) five and four. }

Being part of Sub lot 105 township No. 22 Macomb's Purchase, Great Tract No. one, County of Franklin, State of New York, the above-numbered lots are same as intended to be conveyed by the foregoing contract.

"And the said parties of the second part hereby covenant and agree to pay to said party of the first part the sum of two hundred dollars in the manner following, ten dollars cash in hand paid, the receipt whereof is hereby acknowledged, and the balance to be paid one year from the date of this article, and if not paid at that time this contract shall be null and void.

" W. F. MOULD,
" W. A. FULLERTON,
" WM. McLAUGHLIN."

The description of the lots by blocks and numbers was left blank in the instrument as originally executed on December 27, 1889, but was inserted on January 15, 1890, by one W. E. La Fountain, who was claimed to be the defendant's agent.

The plaintiffs paid the defendant the sum of ten dollars, called for by the contract, at the time of its execution, and claimed that they tendered payment of the balance of $190, to La Fountain, as the defendant's agent, on December 27, 1890, being one year from the date of the contract, as therein provided, but that La Fountain, as such agent, extended the time for making the payment, by then informing the plaintiffs that the defendant was unable to make conveyance of the premises according to the terms of the contract, but would be able to do so in a short time, and requested the plaintiffs to wait until the defendant was able to make such conveyance.

The plaintiffs stated in their complaint that they had the balance of the sum called for by the contract, ready for payment to the defendant, upon execution and delivery of the conveyance sought to be obtained.

*J. W. Webb*, for the appellants.

*John P. Kellas*, for the respondent.

HERRICK, J. :

It seems to me that this case should be affirmed, upon the opinion. of the court below.

The agency proved, it seems to me, did not grant power to extend or modify the written contract.

MAYHAM, P. J., concurred; PUTNAM, J., not acting.

Judgment affirmed, on opinion of court below, with costs.

The following is the opinion of the court below :

PUTNAM, J. :

I think that all the evidence in, and facts of, the case indicate that La Fountain was to a certain extent the agent of the defendant. The contract was drawn, with a blank space left to be filled in with a proper description of the lots agreed to be conveyed, and I infer from the evidence that La Fountain, as defendant's agent, was authorized to write in the contract the proper description of the lots, and hence that the contract as read in evidence was a valid and authorized contract.

But, although La Fountain was an agent of defendant to make the contract, that fact did not give him, either actually or presumptively, any authority to cancel, extend or modify it. The admission of defendant proved by several witnesses that " *Mr. La Fountain did all his business for him*," should be deemed to apply to the business then being discussed and transacted, the making of contracts for the sale of lots. The contract being made and the right of the parties fixed and determined by the writing, the admission of defendant should not be construed to mean that La Fountain had authority to modify or extend or change the contract. When this written contract was made the agency must be deemed to have ceased in the absence of competent evidence of its continuance.

It was for the plaintiffs to show such continuance. Under well-settled principles they could not show such continuance by the agent's declarations. But they show it in no other manner. The plaintiff Mould testified that the first time he saw defendant after

the making of the contract the latter said that La Fountain was not authorized to extend the contract or to act as his agent. I conclude, therefore, that plaintiffs fail to show a valid extension of the time to perform the contract. They show the agency of La Fountain to the making of the contract. But such agency does not give him power to modify, change or extend it. (See *Brewster* v. *Carnes,* 103 N. Y. 556 ; *Ritch* v. *Smith,* 82 id. 627 ; *Bickford* v. *Menier,* 107 id. 490 ; *Edwards* v. *Dooley,* 120 id. 551 ; *Smith* v. *Kidd,* 68 id. 130, 131.)

By the terms of the contract plaintiffs were to pay the balance of the purchase price one year from its date, and if said money was not then paid, the contract should be null and void. I think, therefore, that the time of the payment was of the essence of the contract. (*Wells* v. *Smith,* 2 Edw. Ch. 78 ; 7 Paige, 22.)

Hence, the time of payment being by the terms of the contract material, and strict fulfillment of the terms of the contract not having been waived or extended by defendant, I conclude that plaintiffs are not entitled to a specific performance.

The complaint should be dismissed, with costs.