(31 Abb. N. C. 308.)

### LARNED et al. v. DONOVAN et al.

(Supreme Court, Special Term, New York County.  April, 1894.)

1. MORTGAGES—ACTION TO COMPEL SATISFACTION.

   The owner of mortgaged premises cannot sue the mortgagee to compel him to accept payment and satisfy the mortgage, where no tender had been made to the mortgagee, and no refusal by him to satisfy the mortgage on payment.

2. SAME—ASSIGNMENT—EFFECT AS TO MORTGAGE DEBT.

   Where a mortgage was given to secure "an agreed indebtedness, then recently incurred, for" a certain sum, but there was no bond or evidence of debt, other than a mortgage, an assignment of the right to receive payment of the sum mentioned in the mortgage is sufficient to transfer the mortgage debt.

3. SAME—RECORDING ASSIGNMENT.

   1 Rev. St. p. 763, § 41, providing that the recording of an assignment of a mortgage is not notice to the mortgagor, his heirs or personal representa-

tives, so as to invalidate any payment made by him or them, does not apply to a purchaser of the equity of redemption.

Action by William Z. Larned and Anna T. E. Kirtland against Daniel E. Donovan and others. Complaint dismissed.

Larned, Warren & Knapp, for plaintiffs.
Warner W. Westervelt, for defendants.

PATTERSON, J. The plaintiffs seek relief against the defendants, Donovan & Golding, under the following circumstances: In 1885 the plaintiffs were owners of certain lots of land at Ninth avenue and Sixty-Eighth street, in the city of New York, and, desiring to have them improved by building upon them, conveyed them to Daniel B. Algie, for the expressed consideration of $75,000, and took back a purchase-money mortgage for $74,000, at the same time entering into an agreement with Algie to make advances to him from time to time and at certain stages in the construction of the buildings, Algie agreeing to give as security for such advances a second mortgage. Algie entered upon the performance of his contract, and employed the defendant Golding to furnish and set up the bluestone required for the houses (seven in number) he had contracted to build. Golding bought bluestone to the value of about $2,400 from Donovan, and some of it was used in these houses. Algie, on January 11, 1886, was indebted to Golding, and on that day gave him a mortgage on one of the seven houses to secure the sum of $1,130, declared in the mortgage to be an agreed indebtedness of the mortgagor to the mortgagee. There was neither bond, note, nor other written obligation or evidence of indebtedness given, save as stated in the mortgage; but it is made satisfactorily to appear that that instrument was given to secure Golding for the agreed indebtedness. It also appears that Golding bought bluestone of Donovan, as above stated, and that some of such stone was used by Algie in the construction of the houses there can be no reasonable doubt. In March, 1886, Algie became unable to go on with the work under his contract, and thereafter efforts were made by Mr. Larned, one of the plaintiffs, to bring about an arrangement whereby the work could go on, and the creditors of Algie be satisfied respecting their claims. Such an arrangement was finally made, one of the terms and conditions being that Golding should satisfy the mortgage given him by Algie. On or about May 14, 1886, Golding executed a satisfaction piece of the mortgage, which was acknowledged on June 26, 1886, and he delivered it to Mr. Larned. At the same time, he handed Mr. Larned a statement to the effect that Algie was indebted to him, "for material supplied at building Sixty-Eighth street and Ninth avenue" (the premises in question), in the sum of $574.41. Meanwhile, and on May 4, 1886, Golding had, by instrument under seal and duly acknowledged, assigned and transferred to the defendant Donovan the very mortgage he subsequently satisfied, and such assignment was recorded on May 7, 1886, a week before the satisfaction piece was given. The premises have again become the property of the plaintiffs in fee, and the relief they ask is that the mortgage be canceled

as a cloud on plaintiffs' title, or that it be ascertained what, if any, amount is due Donovan from Golding, and that a surrender and cancellation of the mortgage be decreed on the plaintiffs paying the amount found due, and that judgment for damages be rendered against Golding for any sum the plaintiffs may be required to pay Donovan to procure satisfaction, etc., of the mortgage.

I am entirely satisfied that Golding did owe Donovan $2,400 for bluestone furnished by the latter; that some of it went into the houses, and that the statement of Algie's account with Golding, dated May 12, 1886, refers only to the amount of bluestone then supplied by Golding, and does not and cannot operate to the disadvantage of Donovan, who was in no way connected with any of the transactions or negotiations had at Mr. Larned's office respecting the settlement, compromise, or release of the claims of the creditors of Algie. There is nothing to refute the testimony of Donovan on that subject, and I am satisfied that the mortgage was duly assigned as partial security (the witnesses say, in part payment) for the whole indebtedness of Golding to Donovan, and that there is nothing in the whole case which, as a matter of fact, can successfully impeach the title by which Donovan holds the mortgage. Nor do I find in the evidence anything to limit the rights of Donovan, as a bona fide holder of the mortgage, to any amount less than the whole sum secured by it; and hence there cannot be a finding made on the facts of this action, specifying any sum at which the plaintiffs may pay off the mortgage and require satisfaction and cancellation thereof by Donovan. Nothing less than the whole sum appears to be the amount due, and it does not need a decree of this court, in this action, to allow the plaintiffs to pay off the whole amount due on a mortgage and to require a discharge thereof on such payment, no tender ever having been made, and no refusal of Donovan to satisfy the mortgage on payment in full having been shown. He cannot be put in the wrong respecting the substantial question in this action, and have judgment rendered against him, when no application has ever been made to him to satisfy the mortgage on tender of the whole amount. Nor can I see how any money damages can be recovered against Golding in this action. His duplicity was great, and he was unable, on the stand, to excuse or palliate it; but no recovery can be had against him now, because, if for no more substantial reason, the amount of damages sustained, if any, has not been proved. Incontestably, a court of equity having jurisdiction of parties and subject-matter may, in many cases, on the failure of a plaintiff to show his right to, or where, by reason of changed circumstances, the court could not effectively grant, the specific relief demanded, prevent a failure of justice by directing a money judgment, as in the case of a bill for specific performance. The recent cases in this state have carried that rule very far, and a fair illustration of its application is in Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255, where a fraudulent grantee who conveyed land to a bona fide purchaser was compelled to pay to the real owner the purchase money, not as damages, but as a substitute for the land itself, he

being charged as a trustee ex maleficio. But such cases do not apply here. Nothing is asked, as against Golding, but (in a certain contingency) damages unascertained and unliquidated. Even if they might be recovered, the factors necessary to their ascertainment are wanting.

It is claimed by the plaintiffs that the title to the mortgage was not vested in Donovan by the assignment from Golding, for the reason that nothing was actually transferred but the naked security, without the principal debt, or a bond or note or other obligation, the evidence of such debt. It is true that an attempt to make title to a mere security without transferring the obligation to which it is collateral is a futility, and that the incident passes only by grant of the principal, and not the principal by transfer of the incident. Merritt v. Bartholick, 36 N. Y. 44. But what must be transferred with the security is the debt. It is not needful that, under all circumstances, there should be either bond, note, or other formal written evidence of the debt. The consideration of the mortgage made by Algie to Golding was an "agreed indebtedness, then recently incurred, of $1,130;" and that is expressed in the mortgage, and nowhere else, and by no other instrument. The assignment from Golding to Donovan expressly sets over the right to receive payment of the sum mentioned in the mortgage,—that is, the amount of the agreed indebtedness of the mortgagor to the mortgagee,—and thus it is shown that the principal debt of Algie to Golding was assigned to Donovan. It is further urged that the equities of the plaintiffs cannot be defeated, because they are not bound by the assignment of the mortgage, they being without notice thereof. That assignment was recorded May 7, 1886, some days before Golding gave the satisfaction piece of the same mortgage to the plaintiffs. It is argued that such recording does not constitute constructive notice to the plaintiffs, and in support of this contention reference is made to section 41 of the statute relating to recording deeds (1 Rev. St. p. 763, § 41,) which enacts that "the recording of an assignment of a mortgage shall not be deemed, in itself, notice of such assignment to a mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them, or either of them, to the mortgagee." I fail to see how, by any process of reasoning, or by what analogy, this provision of the Revised Statutes can affect this case. It relates only to payments made by a mortgagor, or his heirs, etc., to a mortgagee, and does not, in terms, nor by any implication, refer to the owner of the equity of redemption, and this has been distinctly held. Brewster v. Carnes, 103 N. Y. 556, 9 N. E. 323. The complaint must therefore be dismissed as to the defendant Donovan, on the merits, but without costs. They are withheld because he has stood by all these years and never asserted a claim under or sought to enforce the mortgage, and has by his supineness encouraged the plaintiffs to believe that they had some equity superior to his rights, and this suit having been brought in good faith, to ascertain what the relative rights of the parties are. The complaint is also dismissed as to Golding, but not on the merits, and without costs, because

of his gross deceit in dealing with the plaintiffs. Findings settled; the attorney for defendant Donovan will make an engrossed copy of all the findings made, and present it for signature within three days, and on giving two days' notice of settlement of decree to the plaintiffs' attorneys.