PARKER, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

———————

WILLIAM Z. LARNED and Another, Appellants, *v.* DANIEL E. DONOVAN and Others, Respondents.

*Recording Act — the assignee of a mortgage is a purchaser, the assignment is a conveyance.*

A mortgagee, or an assignee of a mortgage, is a "purchaser" within the meaning of the Recording Act; and a mortgage, or an assignment of a mortgage, is a conveyance within the meaning of such act.

The Recording Act is for the protection of purchasers by deed, mortgage or assignment of mortgage, in good faith and for value, from unknown conveyances and from rights and equities arising under them and connected with the title; but not for the protection of rights arising out of the consideration of the conveyances.

Appeal by the plaintiffs, William Z. Larned and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 23d day of April, 1894, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the plaintiffs' complaint.

This action was brought March 31, 1892, to cancel as a cloud on title a mortgage given to secure the payment of $1,130, executed January 11, 1886, by David B. Algie to Patrick Golding, and recorded February 10, 1886.

On the 6th of August, 1885, the plaintiffs were the owners in fee of six vacant lots situate on the southeast corner of Ninth avenue and Sixty-eighth street in this city, which, in consideration of $75,000, they conveyed to David B. Algie by a deed dated that day, which was duly recorded August 10, 1885. To secure the payment of $74,000 of the purchase price, the grantee executed, August 6, 1885, to the grantors a mortgage on said premises, which was recorded August 10, 1885. Concurrently with the execution of the deed and mortgage a contract was executed between David B. Algie and the plaintiffs, in which it was recited that Algie was about to erect certain described buildings on said lots, to facilitate which said Algie desired a loan of $51,000 on a bond executed by himself and Peter Algie, secured by a mortgage on said premises, which sum was to be advanced by the mortgagees from time to time as the work on the buildings progressed.

Algie made contracts with various persons for work and materials for the buildings and began to erect them, the mortgagees advancing various sums at different times to enable him to carry on the work. On the 11th of January, 1886, a contract was entered into between David B. Algie and Patrick Golding by which the latter agreed to furnish bluestone for the buildings at the agreed price of $1,130, to secure the payment of which Algie, on that date, gave a mortgage on one of said lots, which was recorded February 10, 1886. The mortgage by its terms was subject to the two prior mortgages held by the plaintiffs, and contained this recital : " This grant is intended as a security for the payment of said consideration sum of one thousand one hundred and thirty dollars, with interest from March 10, 1886, which is an agreed indebtedness of the mortgagor

to be payable four months from the date hereof, which payment, if duly made, will render this instrument or conveyance void."

May 4, 1886, Golding being indebted to Daniel E. Donovan in $2,400, assigned this mortgage to him in part payment of the debt by a written assignment duly recorded May 7, 1886. In March, 1886, Algie failed and became unable to complete the buildings, at which time the plaintiffs had advanced $17,000 on the mortgage given to secure $51,000. On June 15, 1886, Algie reconveyed the lots to the plaintiffs by a deed recorded June 26, 1886, they entering into a written contract with Algie and the persons to whom he was indebted for materials that they would complete the buildings, sell them, and after retaining the amount due on the purchase-money mortgage of $74,000 and the $17,000 due on the second or building mortgage and the cost of completing the buildings, they would pay the amount due said persons who had sold materials to Algie, or, in case there was insufficient to pay them in full, that they should be paid *pro rata*. The amounts due said persons were agreed on by the contracting parties.

Patrick Golding, among others, executed this contract, and the amount due him was fixed at $574.41, and May 14, 1886, he executed a satisfaction of the mortgage given to him for $1,130, which satisfaction has not been recorded. Prior to the commencement of this action a demand was made on Daniel E. Donovan, the assignee of the Golding mortgage, that he satisfy the same, which he refused to do, and this action was brought to compel such satisfaction.

*W. P. Knapp* and *Ira D. Warren*, for the appellants.

*W. W. Westervelt*, for the respondents.

FOLLETT, J.:

The mortgage which the plaintiffs seek to set aside was executed January 11, 1886, was recorded February 10, 1886, at which dates Algie, the mortgagor, owned the fee of the mortgaged premises. May 4, 1886, Golding, the mortgagee, assigned the mortgage to Donovan in part payment of a debt due from Golding to Donovan, and the assignment was recorded May 7, 1886. When the assignment was executed and recorded Algie was still the owner of the

fee and Golding was the owner of the mortgage, and had the right to assign it. The court found, as a fact, that Donovan took the assignment in part payment of a debt and without notice of the transactions between Algie, his creditors and the plaintiffs, and that Golding subsequently executed a satisfaction without the knowledge or authority of Donovan. Subsequent to Donovan's acquiring title to the mortgage, and on the 15th of June, 1886, the plaintiffs received a conveyance of the mortgaged premises. They had actual notice of the existence of the mortgage, and the assignment of it is a conveyance within the Recording Act, and the record was notice to the plaintiffs, who were subsequent purchasers of the mortgaged premises, that Donavan was the owner of the mortgage.

A mortgagee is a " purchaser " within the Recording Act, and so is an assignee of a mortgage (1 R. S. 762, § 37), and a mortgage is a " conveyance " within the act, and so is an assignment of a mortgage (1 R. S. 762, § 38). The Recording Act is for the protection of " purchasers " by deed, mortgage or by assignment of a mortgage, in good faith and for value, from unknown conveyances, rights and equities arising under them and connected with the title, but not for the protection of rights arising out of the consideration of the conveyances. The evidence given in behalf of the plaintiffs shows that, at the time Golding assigned this mortgage, it was a lien on the premises for $574.41, with interest from March 10, 1886, and his assignee, Donovan, acquired all the rights of the mortgagee. The plaintiffs, being subsequent purchasers of the premises from Algie, took them subject to the rights of Donovan, the assignee of the mortgage, who acquired a perfect title to it, and the plaintiffs failed to establish a right to have it canceled of record as a cloud on their title. If Algie had paid the mortgage May 14, 1886, in good faith and without notice of its assignment to Donovan, and had taken a satisfaction, the case would have been within section 41 (1 R. S. 763), which provides : " The recording of an assignment of a mortgage shall not be deemed in itself notice of such assignment to a mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them or either of them to the mortgagee." The plaintiffs did not prove that they had paid Golding or any one any part of the $574.41 either before or subsequent to the satisfaction ; but had they proved payments made to the mortgagee subsequent to the

assignment, and the date when the plaintiffs acquired the fee, such payments would not have been good as against Donovan. (*Brewster* v. *Carnes,* 103 N. Y. 556.)

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.