WILLIAMS v. CORNELL et al.

(Supreme Court, Appellate Division, First Department. April 22, 1910.)

MORTGAGES (§ 445*)—FORECLOSURE—COMPLAINT—SUFFICIENCY.

A complaint, in an action to foreclose a mortgage brought by an assignee, which alleges the recovery of judgments by the assignor against defendant who, as collateral security for the payment of the judgments, delivered to the assignor notes executed by a corporation, payable at different times to defendant and by him indorsed to the assignor, and who on the same day, to further secure the payment, executed his bond payable on a designated future date, and who to secure the payment of the bond and the judgments executed the mortgage, and that the assignor assigned the agreement, notes, bond, and mortgage, together with the moneys due and to grow due thereon, states a cause of action as against a demurrer.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 445.*]

Scott and Miller, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Henry E. S. Williams against John M. Cornell and another. From an interlocutory judgment overruling demurrers to the complaint, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

W. B. Symmes, Jr., for appellants.

Theodore S. Rumney, Jr., for respondent.

INGRAHAM, P. J. The question as to the sufficiency of this complaint depends upon the title that the plaintiff acquired to the debt to secure which the mortgage was given by virtue of the assignment of the bond and mortgage from the mortgagee, which the complaint alleges was an assignment of "said agreement, notes, bond, and mortgage, together with the moneys due and to grow due thereon or thereunder." The complaint alleges the recovery of two judgments by one Pierce against the defendant John M. Cornell, one recovered on the 17th of July, 1906, and the other on the 15th of January, 1907, aggregating about $105,000. It is then alleged that for the purpose of securing the payment of these judgments, and on the 13th of June, 1907, the defendant John M. Cornell made an agreement with the said Pierce in writing, whereby, among other things:

"It was agreed that as collateral security for the payment of said judgments, upon which it was thereby agreed that the sum of $100,977.20 was then

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

due and owing by the said defendant John M. Cornell to the said Pierce, the latter would accept thirty certain promissory notes aggregating in amount the said sum of $100,977.20, to be made and executed by a corporation known as the J. B. & J. M. 'Cornell Company, to bear date the 12th day of June, 1907, and to be payable to the order of said defendant John M. Cornell, and by him to be indorsed to said Pierce."

The acceptance of these notes made by a third party and indorsed by the judgment debtor, payable at various dates in the future, undoubtedly gave to the holder of the notes a right of action against the maker and indorser which was independent of the right to enforce the judgment. It would undoubtedly give to the holder of the notes to whom Pierce had transferred them a cause of action against both the corporation and Cornell, if not paid when they became due. They are alleged to have been given as collateral security for the payment of the judgments; but, of course, upon payment of the notes, the judgments would have been satisfied, or, upon the payment of any of the notes, the judgments would have been reduced by the amount paid. To entitle a party to recover upon one of these notes, it was not essential that the judgments should have been assigned with it, and if the judgment creditor had assigned these notes to a third party, so that an independent liability existed in favor of the third party against the maker and indorser of the notes, undoubtedly a court of equity would have restrained the judgment creditor from enforcing the judgment. The obligation to pay these notes, therefore, existed independent of the judgments, and the right to enforce them did not at all depend upon the ownership of the judgments by the party seeking to enforce them.

On the same day that the notes were executed, and, as the complaint alleges, "for the purpose of further securing the payment thereof to the said Pierce, and as further collateral security therefor," the defendant John M. Cornell duly made and executed under his hand and seal, and delivered to the said Pierce, his certain bond for the sum of $50,000, bearing date the 18th day of March, 1907, wherein and whereby he bound himself, his executors, administrators, and assigns, in the sum of $50,000, upon condition that the same shall be void if the said John M. Cornell, his heirs, executors, or administrators, should well and truly pay or cause to be paid to the said Pierce, his executors, administrators, or assigns, the said sum of $50,000 on the 18th of March, 1910, and the interest thereon to be paid semiannually, and, as collateral security for the payment of the said bond given to secure the payment of the said judgments as aforesaid, the defendants duly made and executed under their hands and seals and delivered to the said Pierce a mortgage covering certain real property specifically described in the complaint; that in and by the said mortgage it was expressly agreed that the principal sum of $50,000 should become due at the option of the said Pierce after default in the payment of interest for 30 days, or after default in the payment of any tax or assessment upon the premises mentioned for 60 days after notice and demand. Here was an instrument under seal, whereby the defendants obligated themselves to pay on a day named the sum of $50,000, secured by a mortgage given to secure the payment of the

judgments. Upon its face it was an absolute obligation to pay this sum of money. As between the parties, it was given to secure the payment of the judgments; but its acceptance by Pierce would also have the effect of postponing any right to enforce the judgments to the extent of the obligation contained in the bond; and undoubtedly, upon payment of this bond, the obligation of the judgment debtor on the judgments would have been released to the amount paid on the bond.

Upon the transfer of this bond by Pierce to a third party, I think the right of the judgment creditor to enforce the judgments, so far as it included the amount due upon the bond, had been suspended. The statement that the judgment debtor gave a bond, whereby he became obligated to pay a definite sum of money upon a day certain, itself created an obligation which could be enforced by a foreclosure of the mortgage without reference to the judgments. The statement that the bond was given by the judgment debtor as "collateral security" for the payment of the judgments is necessarily an incorrect statement of the obligation of the debtor in giving the bond. The debtor, being indebted to his creditor in a sum of money, gives a bond as evidence of the indebtedness, not as collateral security for its payment. It is a little difficult to see how an original obligation of a debtor, given to his creditor, can be given as security for the debt. The bond was given as evidence of the debt, and then the complaint alleges that, to secure the payment of the bond, the mortgage in suit was given. And this, I think, is to be construed as the legal effect of these allegations. However that may be, Pierce, the judgment creditor, having accepted these notes, and this bond secured by a mortgage, assigned the notes unpaid and the agreement under which the notes were given and the bond and mortgage, "together with the moneys due and to grow due thereunder," to the plaintiff, who thereupon became the holder and owner thereof. The notes were dated the 12th day of June, 1907, and were payable in equal amounts monthly for 30 months, so that on the 7th of July, 1909, 24 of the notes had become due, and 6 notes were not yet due. On the 7th of July, 1909, these notes, as well as the agreements and bond and mortgage, were assigned to the plaintiff for value. Plaintiff thereby acquired a good title to the notes which were given under the agreement. He thereby became the owner of the notes and entitled to enforce them against the parties liable thereon. He became the owner of the bond by which the defendant John M. Cornell had acknowledged himself indebted to the owner thereof in the sum of $50,000, and became the owner of the mortgage given to secure that bond. The bond having become due by its terms, it seems to me the plaintiff was entitled to enforce the obligation created by the bond and the mortgage given to secure its payment, irrespective of the title to the original judgment, and as such entitled to maintain this action.

The rule relied upon by Mr. Justice SCOTT in his opinion that, where an indebtedness is secured by a mortgage or pledge of collateral security, the debt for which the security is given must be transferred to the party seeking to enforce the obligation, is not, I think, applicable to a case of this kind, where an obligation is expressly given as rep-

resenting the indebtedness, and that obligation is secured by a mortgage or collateral security which has been assigned by the creditor, and where both the obligation and the property transferred to secure such obligation is owned by the party seeking to enforce them. The bond in this case, being an instrument under seal, was executed by the debtor as representing a part of the obligation under the original judgment, and was accepted by the creditor as a means of securing to him the payment of the judgment. When so delivered and accepted, it became an obligation of the debtor which could be transferred by the creditor; and by the transfer of the bond and mortgage the transferee became vested with the right to enforce the payment of the bond, and to have the mortgage given to secure its payment enforced.

I think, therefore, that the court below was right in overruling the demurrer, and that the judgment appealed from should be affirmed.

CLARKE, J., concurs.

LAUGHLIN, J. I concur in the affirmance of the interlocutory judgment on the ground that in my opinion the acceptance of the notes, bond, and mortgage by the judgment debtor suspended his right to enforce the judgment, at least until default of the obligation created by the notes and bond, and that the notes, bond, and mortgage could not be duly assigned, as is alleged, without carrying with them the judgments, if they are to be regarded merely as collateral security for the payment thereof. It was entirely competent for Pierce to assign the judgments, and if that was necessary manifestly he intended it, for if he could not legally assign the notes, bond, and mortgage without assigning an interest in the judgment, as seems probable, then to give the agreement and assignment effect they should be deemed to embrace the judgments. This clearly was the intention of the parties, and, unless their acts be so construed, the attempted assignment of the notes, bond, and mortgage becomes a nullity. The allegation of the complaint is that the agreement, notes, bond, and mortgage, together with the moneys due or to grow due thereunder, "were duly assigned." If, as has been observed, this could only be done by assigning the judgments as well, proof of the assignment of the judgments, if an express assignment were necessary, would be admissible under this allegation, and therefore the complaint is sufficient to withstand the demurrer.

SCOTT, J. (dissenting). The action is for the foreclosure of a mortgage. The complaint alleges the recovery of two judgments by John Pierce against John M. Cornell on which there was due on June 13, 1907, the sum of $100,977.20. That on said date an agreement was entered into between said Pierce and said Cornell, wherein and whereby it was agreed that "as collateral security" for said judgments Pierce would accept 30 certain promissory notes, aggregating the amount then due upon the judgments, to be made and executed by a corporation known as J. B. & J. M. Cornell Company, to bear date June 12, 1907, and to be payable to the order of said John M. Cornell and by him to be indorsed to said Pierce, and to be payable consecu-

tively from 1 to 30 months after said date. That it was further provided by said agreement that upon the failure or default of the said John M. Cornell to pay any one of said promissory notes when and at the time the same became due, unless payment thereof was duly extended in writing, the remaining notes then unpaid, and each and every one of them, together with the bond and mortgage in said agreement mentioned, should, at the election of said Pierce, immediately become due and payable.

The complaint further alleges that on said 13th day of June, 1907, the said John M. Cornell was indebted to said Pierce in the sum of $100,977.20 "as aforesaid" (i. e., by virtue of the two judgments), and "for the purpose of further securing the payment thereof to said Pierce, and as further collateral security therefor," the said Cornell executed and delivered to said Pierce his bond, under his hand and seal, for the sum of $50,000, bearing date March 18, 1907, payable March 18, 1910, with interest at 5 per cent. payable semiannually, and that, as "collateral security for the payment of the bond given to secure the payment of said judgments as aforesaid," the said John M. Cornell and his wife executed and delivered to said Pierce the mortgage which is sought to be foreclosed in this action. The complaint further alleges the payment of the notes above mentioned to the extent of $56,000, the failure of Cornell to pay some of the notes when due, and the election of plaintiff as Pierce's assignee, to consider them all due and payable.

The plaintiff's right to prosecute this action rests upon an assignment to him from Pierce as to which it is alleged that Pierce "duly assigned said agreement, notes, bond, and mortgage, together with the moneys due or to grow due thereunder." There is no allegation that Pierce ever assigned to plaintiff the two judgments as collateral security for which it is alleged that the agreement, notes, and bond and mortgage were given, and, for aught that appears in the complaint, Pierce may still hold the judgments, or may have assigned them to some one other than the plaintiff. Thus there is set forth an original and principal indebtedness for which, as is alleged, a certain agreement, promissory notes, and mortgage were given as "collateral security"; these words being used with respect to all of them. The collateral securities have been assigned to plaintiff; but, so far as appears by the complaint, the principal obligation has not been assigned to him. It is clear under the decisions in this state that the plaintiff fails to show that he took anything under the assignment from Pierce, as he pleads it, for an assignment of the security, without a transfer of the principal debt, is inoperative. Wanzer v. Cary, 76 N. Y. 526. The legal rule is that the incident shall pass by the grant of the principal, but not the principal by the grant of the incident, and the mortgage sought to be foreclosed in this action is but an incident to the principal debt which it is intended to secure. Merritt v. Bartholick, 36 N. Y. 44; Manne v. Carlson, 49 App. Div. 276, 63 N. Y. Supp. 162; Smith v. Thompson, 118 App. Div. 6, 103 N. Y. Supp. 336.

The plaintiff, not questioning this general rule, seeks to avoid its effect by contending that the language of the assignment, as pleaded, imports an intention to include an assignment of the principal debt. This argument is based upon the fact that the assignment is of the

agreement, notes, and bond and mortgage, "together with the moneys due and to grow due thereunder." This, however, does not help the plaintiff. The moneys assigned to him were the moneys "due and to grow due" under the collateral securities, and whether or not any moneys would ever become due under them must depend upon whether or not any moneys became due the plaintiff under the principal debt, for it is only in default of payment of the principal debt that anything may be collected from the security. Unless, therefore, the plaintiff became the owner of the principal debt and entitled to collect it, he can have no claim upon the collateral security or the "moneys due or to become due thereunder."

The cases cited by plaintiff in support of his contention are not in point. In Fitts v. Beardsley, 55 Hun, 603, 8 N. Y. Supp. 567, affirmed without opinion 126 N. Y. 645, 27 N. E. 853, the assignment was of a mortgage alone "with all sums of money due or to grow due thereon"; but it appeared that there was no bond or other obligation, and that the mortgage itself recited that it was given "in consideration of the sum of $40,000," and as security for that sum. The court, "for the purpose of this litigation," as it expressly said, treated the mortgage as representing both the debt and the security, and affirmed the validity of the assignment. In Baldwin v. Raplee, 2 Fed. Cas. 521, the assignment transferred a mortgage with the bond accompanying it. It appeared that the debt was evidenced by a note, instead of a bond, and the court held that there was an evident intention to transfer the debt as well as the security. In Larned v. Donovan, 29 N. Y. Supp. 825, affirmed 84 Hun, 533, 32 N. Y. Supp. 731, the mortgage was unaccompanied by any bond, note, or other obligation; but the mortgage itself recited that it was given in consideration of an "agreed indebtedness then recently incurred of $1,130." Again the court treated the mortgage as representing both the evidence of indebtedness and the security for it, and held that the assignment of the mortgage carried with it a transfer of the debt. Campbell v. Birch, 60 N. Y. 214, related to the transfer of a chattel mortgage, which was overdue when assigned. It was held that the assignor, in consequence of the default, had acquired a defeasible title to the chattels, and that the mortgage stood as a muniment of her title, and its assignment carried her title to the assignee.

If, in fact, the judgments in the present case were assigned to the plaintiff, nothing could be easier than to have so alleged. If the judgments were not assigned to him, but still belong to Pierce, or some third party, Cornell might, if this complaint were to be sustained, be subject to a double liability. Bloomingdale v. Bowman, 4 N. Y. Supp. 60, less fully reported in 51 Hun, 639. Other objections are suggested to the form of the complaint which require no extended comment further than to say that they are not well founded.

For the reasons stated, the interlocutory decree should be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to amend within 20 days upon payment of costs in this court and the court below.

MILLER, J., concurs.