GEORGE AYRAULT, Appellant, *v.* GEORGE MURPHY, et. al., Respondents.

One M. conveyed certain premises by deed to his son. A receiver of the property of M., appointed in proceedings supplementary to execution, commenced an action against M. and his son to set aside the deed as fraudulent, and due notice of the pendency of such action was filed. Prior to the filing of such notice, the son mortgaged the premises to plaintiff, but such mortgage was not recorded until two days thereafter. Judgment was rendered in said action declaring the deed fraudulent and void as against the receiver, and directing the conveyance of the premises to him. Subsequent to the perfecting of such judgment and the conveyance of the premises to the receiver as directed, this action was brought to foreclose the mortgage, the receiver and the judgment creditors, at whose instance he was appointed, being made parties defendant. *Held*, that plaintiff was bound by the proceedings in said action (Code, § 132), and that the liens of said defendants were thereby made prior to that of plaintiff's mortgage, that plaintiff's remedy, if any, was by action to redeem, or for the avails of the premises (if sold) exceeding the claims of the receiver thereon, and that as no such relief was asked for in the complaint, or suggested upon the trial hereof, the complaint was properly dismissed as to said defendants.

(Argued March 14, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial district, affirming a judgment in favor of defendants, Savage, Mead and Holcomb, entered upon the decision of the court at Special Term.

This action was brought to foreclose a mortgage executed by one Edward Murphy, since deceased, on or about the 14th day of April, 1859, upon certain premises situated in the city of New York, to secure to the plaintiff the payment of $1,200 and interest, in one year from that date, which mortgage was recorded in the office of the clerk of the city and county of New York, on the eighteenth day of the month of its date.

It appeared, upon the trial, that the mortgagor's title to the premises was derived by deed to him from his father, George Murphy, in August, 1856, and that the defendant Savage was, in 1858, by an order of the Supreme Court, in proceedings supplementary to execution, at the instance of the defendants, Mead and Holcomb, judgment creditors of George Murphy, duly appointed, receiver of his estate and property, and that on the 16th day of April, 1859 (two days before the plaintiff's mortgage was recorded), Savage, as such receiver, commenced an action in the Superior Court of the city of New York, against the mortgagor, Edward Murphy, and the defendant George Murphy and others, to set aside the deed from George to Edward Murphy, on the ground that it was fraudulent as against creditors of George Murphy, and on the same day (April 16th, 1859), filed in the office of the clerk of the city and county of New York due notice of the pendency of the action; that such proceedings were had in that action, that prior to the commencement of this action, by the judgment of that court, duly entered, the deed from George to Edward Murphy was adjudged to have been made with the fraudulent intent to hinder and delay the creditors of George Murphy, and to be void as against Savage, as receiver, and defendants herein were directed to convey the said premises to the plaintiff, all of which was done as directed. The court thereupon held that the plaintiff herein was bound by the proceedings in that action. That the title and liens of the defendants, Savage, Mead and Holcomb, were prior to and paramount to the mortgage of the plaintiff; that the defendant's title or lien could not be foreclosed in this action,

and that as to those defendants, the complaint should be dismissed with costs, and so ordered, and the plaintiff excepted.

*Geo. W. Hoxie* for the appellant. Had the mortgage been recorded prior to the *lis pendens*, it would have been a prior lien. (*Man. Co.* v. *Evertson*, 6 Paige, 466; *Dwight* v. *Newel*, 3 Comst., 187.) It was not the intent of section 132 of the Code to change this rule. (Code, § 122; *Ostrom* v. *McCann*, 21 How., 431; *Hall* v. *Nelson*, 14 id., 32; *Wynkoop* v. *Holbut*, 43 Barb., 267; 1 Kent's Com., 462; Smith on Stats., 662, 820.)

*E. N. Taft* for the respondents. The liens and interest of the litigating defendants upon the mortgaged premises are not proper subjects of litigation in this action, and the complaint was, therefore, properly dismissed. (*Corning* v. *Smith*, 2 Seld., 82; *Holcomb* v. *Holcomb*, 2 Barb., 22; *Jones* v. *St. John*, 4 Sandf. Ch., 208; *Eagle F. Co.* v. *Lent*, 6 Paige, 635; *Banks* v. *Walker*, 3 Barb. Ch., 438; affirming S. C., 3 Sandf. Ch., 344. *Lewis* v. *Smith*, 5 Seld., 502; affirming S. C., 11 Barb., 152.) Plaintiff's mortgage having been recorded after the *lis pendens* was filed, he is deemed a subsequent purchaser or incumbrancer. (Code, § 132; S. L. 1858, 491; *Ostrom* v. *McCann*, 21 How. Pr., 431; *Earl* v. *Barnard*, 22 id., 437; *F. L. & T. Co.* v. *Dickson*, 17 id., 477, 478.) The burden was upon plaintiff of proving himself a *bona fide* purchaser or mortgagee for a valuable consideration. (*Jewell* v. *Palmer*, 7 J. Ch., 65; *Jackson* v. *McChesney*, 7 Cow., 361; 2 Ldg. Cas. in Eq., H. & W., notes 126, page in marg., 22; *First Nat. Bank* v. *Green*, 43 N. Y., 298; *F. & C. Nat. Bank*, 45 id., 762.)

GRAY, C. When Edward Murphy executed to the plaintiff the mortgage now sought to be enforced as against the title or lien of Savage, Murphy the mortgagor, had an apparent title to the mortgaged premises devised by deed from his father, George Murphy, which in the action brought by

the defendant Savage, as receiver of the effects and property of the latter was adjudged fraudulent and void as to the creditors at whose instance he was appointed, and in pursuance of an order contained in that judgment the title to the premises became vested in Savage for all the purposes of his trust as receiver. The mortgage which the plaintiff seeks to enforce, was not recorded until two days after the commencement of that action, and notice of its pendency duly filed in the office of the clerk of the county where the premises were situated; and hence the plaintiff became bound by the proceedings in that action (Code, § 132), in which the title of the mortgagor was as against Savage as receiver, and Mead and Holcomb judgment creditors of George Murphy, held to be fraudulent and void and in pursuance of an order contained in that judgment, Savage as receiver, had, before the commencement of this action, become invested with the title to the mortgaged premises. The court at Special Term was, therefore, right in holding that the title or lien of the defendant Savage as receiver, and of Mead and Holcomb as judgment creditors, had by the proceedings in that action, become prior to and superior to the lien of the plaintiff's mortgage; or in other words, that the plaintiff by reason of his mortgage not having been recorded prior to the notice filed of the pendency of that action, became an incumbrancer subsequent to Savage, Mead and Holcomb. (Code, § 132.)

The plaintiff's remedy, if he had any, was by an action to redeem the premises from the lien of Savage as receiver, or for the avails of the premises (if they had been sold) exceeding the claims of the receiver thereon. The complaint in this action had no such aspect, nor was the right of the plaintiff to have relief of either character even suggested on the trial.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.