WILLIAM Z. LARNED and ANNA T. E. KIRTLAND, Appellants,
  *v.* DANIEL E. DONOVAN and PATRICK GOLDING, Respond-
  ents, Impleaded with DAVID B. ALGIE.

1. ASSIGNMENT OF MORTGAGE — EFFECT OF RECORDING.  The record
of the assignment of a mortgage is notice to all persons of the assignee's
rights as against any subsequent acts of the mortgagee affecting the mort-
gage, and protects the assignee against a subsequent unauthorized dis-
charge of the mortgage by the mortgagee.

2. RECORDING ASSIGNMENT OF MORTGAGE — NOTICE — SUBSEQUENT
SATISFACTION BY MORTGAGEE.  The provision (1 R. S. 763, § 41), that
"the recording of an assignment of a mortgage shall not be deemed, in
itself, notice of such assignment to a mortgagor, his heirs or personal
representatives, so as to invalidate any payment made by them, or either
of them, to the mortgagee," has no application to an action by the pur-
chaser of mortgaged premises to remove the cloud of a recorded assign-
ment of the mortgage, where, although the mortgagee had undertaken
to satisfy the mortgage after its assignment and before the plaintiff's
purchase of the premises, there is no evidence that the mortgagor made
any payment to the mortgagee, or gave him any consideration, for the
satisfaction of the mortgage.

*Larned* v. *Donovan,* 84 Hun, 533, affirmed.

(Argued March 4, 1898; decided March 22, 1898.)

APPEAL from a judgment of the late General Term of the
Supreme Court in the first judicial department, entered
February 25, 1895, affirming a judgment of Special Term
dismissing plaintiffs' complaint on the merits as to the defend-
ant Donovan.

This action was brought to obtain a decree directing the
defendant Donovan to deliver up for cancellation and to
cancel of record a certain mortgage, held and owned by him
upon lands alleged to be owned by the plaintiffs in the city of
New York, as a cloud upon the plaintiffs' title thereto.

The facts, so far as material, are stated in the opinion.

*Appleton D. Palmer* for appellants.  Section 41 (1 R. S.
763) providing that "the recording of an assignment of a
mortgage shall not be deemed in itself notice of such assign-

ment to a mortgagor, his heirs or personal representatives," applies to this case. (*Brewster* v. *Carnes*, 103 N. Y. 556; *Decker* v. *Boice*, 83 N. Y. 215 ; *Kellogg* v. *Smith*, 26 N. Y. 18 ; *Merritt* v. *Bartholick*, 36 N. Y. 44 ; *Stokes* v. *Houghton*, 16 App. Div. 381; *Rapps* v. *Gottlieb*, 142 N. Y. 164; *Viele* v. *Judson*, 82 N. Y. 32 ; Thomas on Mort. [2d ed.] 216–222, §§ 310–317; *Greene* v. *Warnick*, 64 N. Y. 220 ; *Greene* v. *Deal*, 4 Hun, 703.)

*W. W. Westervelt* for respondent Donovan. .The provision of the Revised Statutes (1 R. S. 763, § 41), "The recording of an assignment of a mortgage shall not be deemed in itself notice of such assignment to a mortgagor, his heirs or personal representatives so as to invalidate any payment made by them, or either of them, to the mortgagee," has no application. (*Brewster* v. *Carnes*, 103 N. Y. 556.)

PARKER, Ch. J.   Algie mortgaged certain premises to Golding, in January, 1886, to secure the sum of $1,130.   The mortgage was recorded February 10th, following.   May 4th, 1886, Golding, for value, assigned it to Donovan, who recorded the assignment three days later.   At the time of such assignment there was due to Golding on the mortgage the sum of $574.41. Subsequently and on May 11th, Golding united with other creditors of Algie in the making of an agreement, the object of which was to enable Algie to convey the property by a warranty deed to the plaintiffs.   In pursuance thereof and on May 14th, Golding, by an instrument in writing duly executed, undertook to satisfy the mortgage which he had previously assigned to Donovan.   On June 15th, Algie executed and delivered to these plaintiffs a deed for the premises, which was recorded on the 26th day of that month.   In accepting the deed the plaintiffs supposed that Golding was the owner of the mortgage at the time he attempted to satisfy it.   If they had demanded from Golding the mortgage, or had searched the record for the purpose of ascertaining whether he had made an assignment of it, they would have been apprised of the

truth and could have protected themselves.     As it is, the mortgage is a valid lien upon their property for the amount due thereon.

The record of the assignment from Golding to Donovan was to all notice of the assignee's rights as against any subsequent acts of the mortgagee affecting the mortgage.     Such record protects as well against a subsequent unauthorized and recorded discharge, as against a subsequent assignment by the mortgagee.     (*Viele* v. *Judson*, 82 N. Y. 33; *Brewster* v. *Carnes*, 103 N. Y. 556.)

To the appellants' contention that there was nothing due on the mortgage at the time of its assignment by Golding to Donovan, no other answer is required in this court than that the trial court found as matter of fact, and upon evidence tending to support it, that there was $574.41 due at that time.

The appellants also urge that Algie paid the mortgage to Golding, without notice of the assignment to Donovan, and is, therefore, entitled to protection under section 41 (1 R. S. 763) which provides that " the recording of an assignment of a mortgage, shall not be deemed, in itself, notice of such assignment to a mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them, or either of them, to the mortgagee."     The fundamental difficulty with this proposition lies in its assumption of fact, which is not borne out by the record.     There is not a suggestion in it, by way of evidence, that Algie made any payment to Golding or gave to him any consideration of any kind whatever for the satisfaction of the mortgage, and so the courts both at Special and General Term held.     It is, therefore, unnecessary to consider whether the provision quoted is applicable to a situation where a mortgagor goes to his mortgagee and pays the full amount secured by a mortgage, without demanding a return of the evidence of the debt or looking at the record for possible assignments.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.