### NORTHRUP v. COON et al.

(Supreme Court, Appellate Division, Third Department. December 30, 1912.)

1. DEEDS (§ 61*)—DELIVERY—SUFFICIENCY.

Where a deed is delivered by the grantor in escrow, to be delivered to the grantee upon the grantor's death, possession to begin immediately, the delivery was complete, and the deed was an irrevocable valid gift.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 140, 141; Dec. Dig. § 61.*]

2. VENDOR AND PURCHASER (§ 235*)—BONA FIDE PURCHASER—CONSIDERATION—SUFFICIENCY.

An agreement to support one for life is a valuable consideration, which will sustain the right of a grantee to a deed taken without notice of a prior unrecorded deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 567–569, 571–576; Dec. Dig. § 235.*]

3. VENDOR AND PURCHASER (§ 244*)—BONA FIDE PURCHASER—NOTICE—EVIDENCE.

In ejectment, where defendant claimed under a subsequent deed as a bona fide purchaser without notice of plaintiff's prior unrecorded deed, evidence *held* insufficient to establish his purchase in good faith.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 609–611; Dec. Dig. § 244.*]

4. VENDOR AND PURCHASER (§ 227*)—BONA FIDE PURCHASER—NOTICE—WHAT CONSTITUTES.

That a purchaser of land was unable to ascertain the exact nature of a prior unrecorded deed will not render him a bona fide purchaser without notice, where he had actual knowledge of the existence of such deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 474; Dec. Dig. § 227.*]

Appeal from Trial Term, Rensselaer County.

Action by Howard T. Northrup against Edmon Coon and others. From a judgment dismissing the complaint upon the merits, plaintiff appeals. Reversed and remanded.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Charles B. Templeton, of Albany, for appellant.

Holmes & Bryan, of Troy, for respondent Edmon Coon.

SMITH, P. J. The action is in ejectment. Plaintiff and defendant claim under a common grantor. Plaintiff claims under a deed executed prior to that of the defendant, but not recorded at the time of the giving of the defendant's deed. As I interpret the decision of the court, the complaint was dismissed upon two grounds: First, that no delivery of the deed to the plaintiff is shown; secondly, that defendant was a purchaser for a valuable consideration of the land in question, without notice of the plaintiff's deed.

[1] The plaintiff was the grandson of the grantor, who is now dead. In 1905 she executed before one James C. Enos a full covenant deed of these premises to plaintiff. After the death of Enos this deed was found among his papers, with this indorsement:

"Mr. Howard T. Northrup. To be delivered to him at the death of Mrs. Elizabeth C. Cornwell, and to be kept until then by James C. Enos."

This indorsement was in the handwriting of Enos. In the deed it was recited that the grantee should have possession on the day of its date, the 18th day of July, 1905. The learned trial court has held that this indorsement by Enos was no proof of a delivery of the deed to the plaintiff. In my judgment it is not material to consider the presumptions which may arise from the fact that the deed to plaintiff was found in the possession of Enos. After the death of Enos one Winfield S. Andrews, to whom had been given the combination of said safe, and who had been directed to "open the safe and distribute the papers to whom they belonged," called together the grantor of the deed, Elizabeth Cornwell, and this plaintiff, and in the presence of Mrs. Green and Mrs. Weatherby, daughters of Mr. Enos, the safe was opened. At that time, in the presence of the grantor, and with her consent, this deed, thus indorsed, was turned over to Mrs. Green, the daughter of said Enos, as custodian thereof, and there was then given to the plaintiff, in the presence of Mrs. Cornwell, the following receipt, which was read to Mrs. Cornwell and assented to by her:

"Received, Nassau, April 3, 1908, of Mrs. Elizabeth C. Cornwell, a deed dated July 18, 1905, given by said Elizabeth C. Cornwell to Howard T. Northrup, to be delivered to the said Howard T. Northrup, at the decease of the said Elizabeth C. Cornwell, and to be held by me until her death.

"[Signed]   Sarah Green.

"Witness: Emma E. Weatherby."

There seems to be no question that this transaction was thoroughly understood by Mrs. Cornwell, and irrespective of the question whether proof was made of the delivery of the deed to Mr. Enos for the plaintiff, this transaction constitutes a full delivery of the deed to Mrs. Green, to be delivered to the plaintiff at the death of Mrs. Cornwell. In the appellant's brief are many cases which go to sustain his contention that this constitutes a valid gift, irrevocable by the

grantee. It is hardly necessary to review those authorities, however, inasmuch as the respondent upon this argument does not take issue with the legal effect of such a transfer, but bases his defense mostly upon his good faith in thereafter taking his deed without the knowledge of the existence of this deed.

[2] Thereafter, and shortly before her death, Elizabeth Cornwell went to the defendant's house to live. At that time she executed a contract whereby, in consideration of the release of a $50 note and in consideration of her care and maintenance until her death, she should deed to the defendant this property. In pursuance of this agreement a deed was executed and delivered to respondent; she representing to the defendant that she was then the owner of the premises. The appellant insists that neither the antecedent debt nor the agreement to support Mrs. Elizabeth Cornwell for the remainder of her life was a valuable consideration within the meaning of the recording act. An agreement to support one for life, actually executed, is without doubt a valuable consideration, which will sustain the right of a grantee to a deed taken without notice of an unrecorded deed. The trial judge has found that the agreement was completely executed, and with his finding thereupon we see no reason to interfere.

[3] With the finding of the trial court of the good faith of the defendant in taking the deed in question we do not concur. The trial judge has found that the defendant used every reasonable means to ascertain what were the plaintiff's claims upon the property, and failed to ascertain that a deed was outstanding. At the time of the execution of the deed to the defendant he took from Elizabeth Cornwell, who was then 85 years old and very feeble, an affidavit that she was the absolute owner of said premises, that no one had an unrecorded deed or mortgage or any papers or instrument affecting said premises, and that she had never delivered to any person any deeds or mortgages affecting said premises. That the defendant knew, however, that papers had been executed by Elizabeth Cornwell to the plaintiff, is conceded by the defendant. Just prior to taking the deed from Elizabeth Cornwell, the defendant and an attorney went first to Mrs. Green and asked to see the papers which her father had held between Mrs. Cornwell and the plaintiff. Mrs. Green swears that the plaintiff referred to the papers as "a deed" from Elizabeth Cornwell to the plaintiff. This, however, is denied by the defendant. The safe which contained the papers, however, was then in the possession of Mrs. Weatherby, and the defendant was referred to her. Defendant, with his lawyer, Hall, then went to Mrs. Weatherby's house. After they had been there for a while, this envelope, containing plaintiff's deed, was taken from the safe. The indorsement that had been put thereupon by Enos was read to the defendant. The papers, being sealed, were not opened, and it was conceded by all parties that Mrs. Weatherby had no authority to open them. Mr. and Mrs. Weatherby both swear positively that the paper was discussed as "the deed" from Elizabeth Cornwell to the plaintiff. This was denied both by the defendant and Mr. Hall, although their evi-

dence is not satisfactory; the witness Hall claiming not to remember much that was said at that conversation. The probabilities as to that conversation are with the witnesses Mr. and Mrs. Weatherby. That' Mrs. Weatherby knew that this was a deed is indicated by the receipt of Mrs. Green given to Northrup directly after the death of her father, Mr. Enos, and which she witnessed. This receipt stated clearly that there was a deed. While Mrs. Weatherby refused to give up the paper, believing that she had no authority so to do, the paper was taken out and · shown to the defendant, the indorsement read, and without doubt the defendant was told all that Mrs. Weatherby knew about the transaction. At that conversation Mrs. Weatherby advised the defendant to write to the plaintiff, who was a resident of New Jersey. The defendant made excuse that he did not know his address, and when told where he could get the address in his own neighborhood he asked Mrs. Weatherby to write, which she did. To that letter the plaintiff made this reply:

"West Hoboken, N. J., Oct. 5, 1909.

"Dear Mrs. Weatherby:

"I have had an interview with my lawyer, and he advises me to say to you not to give the sealed envelope to any one under any circumstances. I am of the opinion that the cost of a writ of replevin would be too much for Mr. Coon to stand. Will you kindly advise me at once of any attempt that is made to get possession of the paper? With kindest regards from Mrs. Northrup and yours truly, I am,

"Very truly yours,                    H. T. Northrup."

Just what request Mrs. Weatherby had made to Mr. Northrup in the letter to which the letter quoted was a response is not clear. It is evident, however, that the impression received by this plaintiff was that the defendant was trying to get possession of the paper and that was what he declined to give. There is nothing in the letter from which can be read any refusal on his part to disclose the nature of the paper which he held. But this letter was not communicated to the defendant. There seems to have been another letter written by Northrup to Mr. or Mrs. Weatherby. The defendant Coon swears that he was told by Mr. Weatherby that Mr. Northrup had written that his lawyer would communicate with him, and he swears that he had received no communication from the lawyer. The defendant never attempted himself to communicate with the plaintiff to ascertain the nature of his claim, nor did he make any attempt in any· other way to ascertain the contents of the paper which he knew was being held by Mrs. Green for the plaintiff. He does not claim that Mrs. Cornwell represented to him that these papers conveyed any other property. In fact she had none. Plaintiff's deed could not be recorded, because under its terms it was to be held until the death of Mrs. Cornwell. Plaintiff, therefore, was in no way negligent in failing to put the deed upon record. The finding of the trial court, therefore, that the defendant used every reasonable effort to ascertain the nature of the plaintiff's right, is not, in my judgment, borne out by the evidence, and upon the proofs the defendant was not a purchaser of the said premises in good faith.

[4] In response to plaintiff's request, the trial judge made other findings than those included in his decision proper. Among others he found that on the 18th day of July, 1905, Elizabeth Cornwell, then the owner in possession of said premises, for a valuable consideration, executed, acknowledged *and delivered* a full covenant deed of said premises to the plaintiff, which provided that the grantee thereunder should "have possession on the 18th day of July, 1905. The fourteenth request to find, which was approved by the trial justice, reads as follows:

"Mr. Coon and Mr. Hall, on or about October 1, 1909, were told of by and discussed with Mrs. Weatherby and her husband, at their residence, *the existence of said deed to plaintiff.* * * * "

This finding is fully supported by the evidence of Mr. and Mrs. Weatherby, and is a finding of actual notice of the plaintiff's deed. This finding is necessarily inconsistent with the findings upon which the decison rests, because with actual notice of plaintiff's deed the defendant could not be a bona fide purchaser of the said property. With actual notice that a deed had been given, his effort to ascertain the exact nature of the deed, howsoever diligent, cannot constitute him a bona fide purchaser.

The judgment should therefore be reversed upon law and facts, and a new trial granted, with costs to appellant to abide the event. The particular findings of fact, of which the court disapproves, are findings 6, 8, 21, 23, 26, 27, and 29. All concur.