STANISLAW HERUBIN, Appellant, *v*. ALEXANDER MALACKOWSKI, Respondent.

(County Court, Oneida County, September, 1920.)

Lease — unrecorded — summary proceedings — appeal — Real Property Law, § 242.

> A lease dated September 17, 1917, for the term of " one year, with the privilege of four years more from the 1st day of October, 1917, which term will end October 1, 1918, or 1922 " is valid and binding upon the parties thereto, though it was not recorded for want of an acknowledgment.
>
> Where the names of the lessor and lessee were written on that part of the outside of the lease which is provided for the endorsements, with intention to " subscribe " it, the requirement of section 242 of the Real Property Law is satisfied.
>
> Where the grantee of the premises, prior to his purchase thereof, had full knowledge of the lease and the tenant's possession thereunder, a final order in favor of the tenant in a summary proceeding to dispossess him for non-payment of an increased rent which he had refused to pay will be affirmed.

APPEAL from an order in summary proceedings in Justice's Court, city of Utica, which order awards the possession of the premises in question to the tenant.

Timothy Curtin, for appellant.

Leo O. Coupe, for respondent.

HAZARD, J.  It seems that the petitioner by a deed dated November 10, 1919, obtained title to certain real premises in Utica.  At that time the respondent was a tenant occupying a part of the premises.  He had a written lease dated September 17, 1917, which lease was for the term of " one year, with the privilege of four years more from the 1st day of October, 1917, which term will end October 1st, 1918, or 1922."  This lease was signed by the plaintiff's grantor and by the tenant, but was not acknowledged, and consequently not recorded.  Obviously, the tenant had exercised his option to remain for the full term, and, as it was therefore a lease for more than three years the appellant contends that inasmuch as it was not recorded, it was void.  The gist of his argument is that inasmuch as section 290 of the Real Property Law (¶ 3) makes a lease for a term exceeding three years " a conveyance," he argues that a conveyance of real estate must be recorded, and as this lease was not recorded, and could not be, he urges that it does not comply with the provisions of sections 290 and 291 of the Real Property Law, and is, therefore, void.  He has sought to raise the rent upon the tenant, and as the latter refuses to pay the increased rent he has brought these proceedings.  I do not think his contention is sound. The penalty for failing to record a lease for a term exceeding three years is contained in the concluding sentence of section 291 of the Real Property Law which says: " Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real prop-

erty or any portion thereof, whose conveyance is first duly recorded.'' The trouble with the appellant's contention is that upon the evidence in this case he cannot pose as a '' purchaser in good faith; '' that is, the evidence clearly shows that on the 10th day of November, 1919, and *before* he purchased the property in question he, together with his legal adviser, went to the tenant in this case, asked to see his lease and was shown it. The young man who was acting as his legal adviser decided that the lease involved was not good and so advised his client. The petitioner herein thus had full notice of the existence of the lease in question, and the case must turn upon the goodness or otherwise of the advice which was given him at that time to the effect that the lease was not valid. Appellant bases his contention as to the validity of the lease in question largely upon the dictum in Underhill on Landlord and Tenant (Vol. 1, p. 334, § 236), which reads: '' The necessity for an acknowledgment. As between the parties to it, and aside from any question of record, an unacknowledged lease is absolutely valid in the absence of an express statutory provision to the contrary. So, generally, a lease, though it is unacknowledged, is good as against subsequent purchasers, lessees or incumbrancers with actual knowledge of it. If, however, a statute expressly requires that a lease for a term of years shall be acknowledged or attested, a lease not thus acknowledged or attested is void.''

I find myself entirely in accord with the text above quoted. It would be difficult to make a more comprehensive and concise statement of the law involved, and it covers the case at bar very completely. The only question that remains is as to whether the statutes of our state require that a lease for more than three years must be acknowledged before a notary or some other

suitable officer. I am unable to find any such requirement. The law involved is to be found in section 242 of the Real Property Law which requires that a lease for more than one year must be " by a deed or conveyance in writing subscribed by the person granting * * * the same." It is to be observed that there is no requirement of an acknowledgment. Section 243, dealing with grants of a fee or freehold, requires either an acknowledgment or an attestation by at least one witness, but this lease does not involve a grant of either a fee or a freehold. It, therefore, seems entirely clear to me that an unacknowledged and unattested lease if in writing and signed by the landlord is valid. The lease complied with the statutory requirements. It has been held that any conveyance to be effective must be executed according to the statutory requirement. *Roggen* v. *Avery,* 63 Barb. 65. There are numerous other authorities to this same effect, and of course the proposition cannot be questioned. It, however, seems entirely clear to me that this lease complies with the clear provisions of the statute which, as above pointed out, does not call for either an acknowledgment or a witness. As the appellant had notice of the existence of the lease before he purchased the premises, it was, therefore, binding upon him even if it was not recorded. *Dunn* v. *Dunn,* 151 App. Div. 800. The only purpose of recording it was to give a purchaser notice, and this purchaser had notice without the lease being recorded.

It is, however, claimed that the lease is not properly subscribed. It is written upon a printed form occupying a single sheet of paper, on the second and last page of which following the usual " witness the hands, seals," etc., clause, two dotted lines are provided with the letters " L. S." at the end of each. The parties, however, did not sign on these lines, but folded the

lease and the names of the original lessor and lessee are written on that part of the outside of the lease which is provided for the endorsements. The landlord's signature follows a summary of the lease containing a memorandum of the street and number of the premises, when the lease begins and expires, the amount of rental and how payable. It is claimed that this signature so placed upon this lease does not amount in law to a " subscription " of the lease. It may be remarked that the claim is purely technical. There can be no doubt but that the original parties to this lease, who are people of foreign birth and doubtless unacquainted with business forms and legal usages, put their names upon this paper fully intending to " subscribe " it. Following their signing of it, the tenant went into possession and had been in possession for upwards of two years when the petitioner acquired title to the property. The question is as to whether the petitioner's grantor in signing her name as indicated had " subscribed " the lease within the meaning and requirements of section 242 of the Real Property Law. It was held by the Court of Appeals in *James* v. *Patten,* 6 N. Y. 9, following several earlier cases, that a writing requiring by the statute to be " subscribed " must be signed *underneath* or at *the end.* The court somewhat laboriously reached the conclusion that " subscribed " meant something more and something different than " signed," and we may take that decision as above outlined as the established law in the case. This brings us to the question of what is meant by " underneath " or at " the end " of a legal instrument. I think this question is satisfactorily answered in *Matter of Dayger,* 47 Hun, 127, a case almost exactly similar to this one, in which it is held that " the end " of an instrument is not necessarily the immediate end with no intervening space

between the end and their signature, but that if no part of the instrument *intervenes* between the final part of the instrument itself and the place where the signature is made, that that constitutes the end.   See, also, *Younger* v. *Duffie,* 94 N. Y. 535.

I have examined all of the cases cited by the appellant and do not find any one of them to sustain any of his contentions.   I, therefore, reach the following conclusions with reference to this case, and decide:

*First.* That the lease in question was a good and valid and binding contract between the original parties to it.

*Second.* That this appellant having full knowledge of the existence of the lease and the possession of the respondent thereunder, prior to his purchase of the premises, is bound by the lease.

It, therefore, follows that the order appealed from must be affirmed, with costs.

Order affirmed, with costs.