HELEN V. REED, Plaintiff, *v.* ROBERT M. BARKLEY, Defendant.

Supreme Court, Ontario County, August, 1924.

Deeds — recording — premises conveyed to plaintiff two years prior to date of conveyance to defendant — defendant had notice of prior conveyance though deed was not recorded — title to premises passed to plaintiff by delivery of deed — plaintiff entitled to judgment in action in ejectment — defendant must account for rents and profits.

Section 291 of the Real Property Law requiring the recording of conveyances serves only as constructive notice to subsequent grantees. Where actual notice exists the Recording Acts lose all pertinence.

Accordingly, plaintiff is entitled to judgment against the defendant in an action in ejectment where their grantor two years prior to her conveyance of the premises in question to the defendant gave and delivered a deed covering the same premises to the plaintiff, who failed to record it, and the defendant, with knowledge of the prior conveyance, had his deed recorded and assumed possession of the premises on the grantor's death.

The conveyance to plaintiff was consummated by delivery of the deed, and, therefore, the defendant must account for the rents, profits, and use of the premises during the time he has been in possession.

ACTION in ejectment.

*A. L. Gardner,* for the plaintiff.

*John Colmey,* for the defendant.

SAWYER, J. Plaintiff and defendant both claim under one Mary Julia Millard who was the sister of plaintiff and the aunt of the defendant.

On September 10, 1920, Mrs. Millard made, executed and delivered to plaintiff a deed of certain premises located in the town of Richmond, Ontario county, and generally known in that

locality as the Thomas Barkley farm. This deed was manually delivered to plaintiff for the purpose of conveying to her the legal title to the premises and was accepted by her with that understanding and intention. It was never recorded but was, instead, left with the scrivener by whom it had been prepared, as was also a will that was made and executed by Mrs. Millard concurrently therewith. Defendant in February, 1922, obtained possession of this deed and will from their custodian but same were not produced by him upon the trial so that the court has been unable to ascertain whether a life use of the property was reserved to Mrs. Millard in the deed itself or was had and continued in pursuance of an oral understanding between the parties had at or about this time. From the evidence as a whole, however, it is clearly established that Mrs. Millard retained possession until her death which occurred on May 17, 1922, during which time she managed and controlled the premises for her own benefit and among other things, on January 10, 1922, incumbered same with a mortgage for $1,000 to secure moneys borrowed by her from one John Allen. There is, however, no proof that plaintiff had knowledge of this mortgage before Mrs. Millard's death.

At the time of this deed Mrs. Millard was about eighty-three years of age while her sister, this plaintiff, was some six years younger.

With the increasing feebleness of years the burden of care which the farm entailed became too heavy for Mrs. Millard to carry alone and in February, 1922, she entered into an agreement with defendant whereby it was agreed, in substance, that he should take charge of the farm, properly support and care for Mrs. Millard during the remainder of her life and pay her debts and funeral expenses; in compensation therefor he was to receive a deed of the farm, together with an assignment of all the personal property then owned by Mrs. Millard, she, however, reserving for herself the life use of all such real and personal property; this agreement was evidenced by a contract dated October 24, 1922, and executed by the parties upon the following day, at which time there was also made, executed and delivered to the defendant by Mrs. Millard a full covenant warranty deed of the lands in question and she, also, for the purpose of carrying such contract into effect, made and executed her last will and testament in and by which it was provided that, after the payment of her debts and funeral expenses, the remainder of her property of every name and nature should belong to this defendant.

The deed so given Mr. Barkley reserved the life use of the premises to his grantor as agreed but, immediately after its execution

and delivery, he caused it to be recorded in the Ontario county clerk's office and at or about the same time moved upon the farm and thereafter took charge of both it and the personal property, supporting Mrs. Millard until her death in May following and seems also to have paid her funeral expenses and some of her indebtedness.

When this agreement was made Mr. Barkley was fully advised of the existence of the deed from Mrs. Millard to this plaintiff, but both he and Mrs. Millard seemed to have believed that, because it had not been recorded, it was entirely void and of no effect, a belief which, of course, is entirely erroneous.

The conveyance to plaintiff, whether a sale or a gift, had been consummated by a delivered deed and the title had thereby passed out of Mrs. Millard, beyond her power to recall, to her grantee. *Hathaway* v. *Payne*, 34 N. Y. 92–105; *Ranken* v. *Donovan*, 46 App. Div. 225; *Matson* v. *Abbey*, 70 Hun, 475; *Matter of Cohn*, 187 id. 392; *Hawkins* v. *Union Trust Co.*, 187 id. 472. Neither does the absence of record protect defendant for the Recording Acts serve only as constructive notice and where actual notice exists lose all pertinence. Real Prop. Law, § 291.

Whether the will of February 25, 1922, has been admitted to probate does not clearly appear but, if probated or entitled to probate, it clearly revokes the will of September 10, 1920, and carries to this defendant all Mrs. Millard's property other than the Barkley farm.

As to this farm, however, both the will and the deed of February twenty-fourth to Mr. Barkley were, as has been seen, entirely ineffectual. The title was already in plaintiff and Mr. Barkley, having taken his deed with full knowledge of that previous deed, took same subject to plaintiff's rights thereunder.

Upon the death of Mrs. Millard, if not before, the right to the immediate possession of the farm passed to plaintiff and must now be delivered up to her by defendant, who must also account to her for the rents, profits and use thereof during the time he has been in possession thereof since her death.

As to the two mortgages of $1,000 each, one placed by Mrs. Millard herself in January, 1921, and the other by this defendant in March, 1922, plaintiff's recourse, as to the one, is against the estate of Mrs. Millard and as to the other she is remanded to such remedy against defendant as she may be advised, the form of this action not affording sufficient basis for its disposition here.

Before concluding it should be said that the defense that plaintiff's deed was given either in actual or constructive fraud of Mrs. Millard's creditors is not sustained by the evidential facts. She

had some debts, to be sure, but they totaled not a large amount and were well within the value of her personal property. That either she or plaintiff consciously entered into a guilty arrangement of the sort appears contrary to all we have learned here might have been expected of them.

Findings may be submitted in accordance with the foregoing and judgment thereon is directed for plaintiff, with costs.

**Judgment accordingly.**