Floyd A. Fox and Flora Vandewalker Bush, as Administrators, etc., of Alvin D. Fox, Deceased, Plaintiffs, *v.* Edward B. Sizeland, Anna Botting, as Executrix, etc., of Lucinda C. Weaver, Deceased, Defendants, and Millard Sizeland, Impleaded Defendant.

Supreme Court, Jefferson County, November 12, 1938.

*Conboy & Conboy*, for the plaintiffs.

*Sidney Kitay*, for the defendants Sizeland.

*Anna Botting*, as executrix, etc., in person.

SMITH (E. N.), J. This action was brought under section 273 of article 10 of the Debtor and Creditor Law to set aside a deed of real estate executed by Lucinda C. Weaver " to the extent necessary to satisfy the claim of the plaintiffs " as administrators of the estate of Alvin D. Fox, deceased, on the ground that it was fraudulent as against Alvin D. Fox or his estate for the reason that the grantor, by reason of such transfer, was rendered insolvent. No claim is made by the plaintiffs that there was any actual intent on the part of Lucinda C. Weaver, when she made this conveyance, to defraud Alvin D. Fox.

On the 27th day of July, 1929, said Lucinda C. Weaver executed and delivered to Alvin D. Fox a promissory note payable to his order on demand at the Jefferson County National Bank for the sum of $2,030, without interest. Mr. Fox died in the spring of 1930, and on the 15th day of November, 1930, letters of administration were issued to the plaintiffs, and they duly qualified as such administrators; on September 1, 1932, said Lucinda C. Weaver executed a promissory note, dated on that day, payable to the order of Alvin D. Fox estate, on demand, without interest, at the Jefferson County National Bank, for the sum of $2,030. This latter note is the foundation of this action. It is conceded by all parties that the note of July 27, 1929, bears the signature of Lucinda C. Weaver; it is not admitted that the note bearing date September 1, 1932, bears the signature of said Lucinda C. Weaver, but it is claimed that the note is a forgery. This note of September 1, 1932, is in the same form and for the same amount, to wit, the sum of $2,030, as the note of July 27, 1929, admittedly a valid note. Each

of the notes purports to have been executed and delivered for value received.

The Alvin D. Fox estate stands in no other or different position than Alvin D. Fox would have stood had he lived, and the note in the hands of the estate, although made payable to his estate, is subject to any infirmity to which the note of which it was a renewal would have been subjected had Mr. Fox lived. There is no evidence to show that there was any infirmity in the note of July 27, 1929, nor has there been any effort on the part of the parties defendant here to show that there was any infirmity in the renewal note; the only claim is that the so-called renewal note does not bear the signature of Lucinda C. Weaver, deceased.

I have carefully examined and compared the signature on the original note with that on the renewal note and also with many other signatures of Lucinda C. Weaver which admittedly were valid signatures, and find that the note bearing date September 1, 1932, bears the signature of Lucinda C. Weaver. There is no other defense than that of forgery set up as against this note, and the plaintiffs having presented the note and the note purporting to have been given for a valid consideration, and there being no other attack upon it, the plaintiffs are entitled to judgment for $2,030 against the estate of Lucinda C. Weaver, and have laid the foundation for this action under said section 273 af article 10 of the Debtor and Creditor Law. This section reads as follows:

" § 273. Conveyances by insolvent. Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

Fair consideration is defined as follows in said Debtor and Creditor Law:

" § 272. Fair consideration * * * is given for property or obligation,

" a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

" b. When such property or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained."

Insolvency is defined in section 271 of said Debtor and Creditor Law so far as a person is concerned, as follows:

" § 271. * * * A person is insolvent when the present fair salable value of his assets is less than the amount that will be

required to pay his probable liability on his existing debts as they become absolute and matured."

These three sections, 271, 272 and 273, were added by chapter 254 of the Laws of 1925, effective April 1, 1925.

Section 278 of said Debtor and Creditor Law provides as to rights of creditors as fol ows:

" 1. Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser,

" a. Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

" b. Disregard the conveyance and attach or levy execution upon the property conveyed.

" 2. A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment."

A question has been raised as to whether this type of action survived the death of Lucinda C. Weaver.

Section 19 of the Personal Property Law provides, in the second sentence thereof: " A creditor of a deceased insolvent debtor, having a claim against the estate of such debtor exceeding in amount the sum of one hundred dollars, may, without obtaining a judgment on such claim, * * * for the benefit of himself and other creditors interested in said estate, disaffirm, treat as void and resist any act done or conveyance, transfer or agreement made in fraud of creditors or maintain an action to set aside such act, conveyance, transfer or agreement. Such claim, if disputed, may be established in such action. The judgment in such action may provide for the sale of the property involved, when a conveyance or transfer thereof is set aside, and that the proceeds thereof be brought into court or paid into the proper Surrogate's Court to be administered according to law."

The same remedy is provided in reference to fraudulent conveyances of real property by section 268 of the Real Property Law.

Neither section 19 of the Personal Property Law nor section 268 of the Real Property Law was repealed by chapter 254 of the Laws of 1925.

Certainly this right of action survived in cases of actual fraud on the part of a deceased, and I can see no reason for making any distinction between actual and constructive fraud.

Pomeroy, in his Equity Jurisprudence (Vol. 2 [4th ed.], § 922), states (at p. 1933): " Constructive fraud is simply a term applied

to a great variety of transactions, which equity regards as wrongful, to which it attributes the same or similar effects as those which follow from actual fraud, and for which it gives the same or similar relief as that granted in cases of real fraud. * * * It embraces * * * transactions which merely raise a presumption of wrong, and throw upon the party benefited the burden of proving his innocence and the absence of fault."

The deed to Edward B. Sizeland was dated on the 26th day of May, 1936, and recorded on the 27th day of May, 1936, in book 416 of Deeds at page 230. This was an instrument under seal and purported a consideration. At the time of the recording of this deed section 342 of the Civil Practice Act read:

" § 342. A seal upon an *executory* instrument is only presumptive evidence of a sufficient consideration, which may be rebutted as if the instrument was not sealed."

By chapter 685 of the Laws of 1936, effective September 1, 1936, this rule was made applicable to all sealed instruments thereafter signed, whether executory in their nature or not. The amendment effective September 1, 1936, had no retroactive effect. In the present instance we are dealing with an executed instrument. While the rule of the common law was that a seal was conclusive evidence of consideration, the rigidity of this rule has been relaxed, particularly as to executory contracts, and in instances of actual fraud, and possibly in some other instances; it was generally enforced in this State until September 1, 1936. In actions brought under section 273 of the Debtor and Creditor Law the evidentiary force of a sealed instrument becomes only important in respect of the burden of proof. The Sizeland deed being an instrument executed and delivered, without any charge of actual fraud, the burden rested heavily upon the plaintiffs to prove that by the transfer of the property described in this deed Lucinda C. Weaver was rendered insolvent. This burden the plaintiffs have sustained, and I find that, with the indebtedness represented by plaintiffs' note outstanding, this conveyance made Lucinda C. Weaver insolvent, and that it was, therefore, constructively fraudulent as against her creditors generally, and particularly as against these plaintiffs, without regard to the actual intent of Lucinda C. Weaver; provided, however, that said conveyance was made without a fair consideration.

An interesting question arises on account of the fact that the seal upon the instrument imports a valid consideration, and the provision of section 273 of the Debtor and Creditor Law, and the finding of fact that this conveyance made Lucinda C. Weaver insolvent; as to who has the burden of proving that the conveyance was made without a fair consideration. In making answer to this

question it is to be noted that under said section 273 the conveyance is only fraudulent if made " without a fair consideration." It seems to me to follow that the burden still rests upon the plaintiffs to show, even after they have established that the conveyance made Mrs. Weaver insolvent, that it was made without a fair consideration.

On the 26th day of May, 1936, Lucinda C. Weaver conveyed a farm of 115 acres to Edward B. Sizeland by deed dated on that day and recorded in Jefferson county clerk's office on the 27th day of May, 1936, in book 416 of Deeds at page 230. This is the deed which the plaintiffs seek to have set aside, so far as necessary, under section 273 of the Debtor and Creditor Law.

On the 16th day of November, 1936, Lucinda C. Weaver, through her attorneys, Messrs. Conboy & Conboy, brought an action to set aside this deed on the ground of fraudulent misrepresentations. The defendant appeared in the action, denying the allegations of the complaint. The action was tried at the Special Term of the Supreme Court held in the county of Jefferson for the month of February, 1937, and the following findings of fact were made by the court in rendering decision:

" *Second:* On May 26, 1936, the plaintiff executed and delivered to the defendant a warranty deed of such property, reserving to herself the life use thereof.

" *Third:* That the deed and transfer of title was a valid and complete gift *inter vivos.*

" *Fourth:* That at the time of the conveyance, plaintiff had property, other and distinct from the property in question."

As conclusions of law the court held: " The defendant is entitled to a judgment against the plaintiff dismissing the action, with costs."

Although these findings of fact and conclusions of law were dated April 15, 1937, the judgment thereupon in accordance therewith was not entered in Jefferson county clerk's office until May 17, 1937.

It appears that the plaintiff in said action, Lucinda C. Weaver, died on March 11, 1937, leaving a last will and testament whereby she bequeathed all her property to Arvin L. Botting and Anna Botting and named said Anna Botting as sole executrix thereof; that on the 30th day of April, 1937, said last will and testament was admitted to probate and said Anna Botting qualified as sole executrix thereof; that, upon the application of Messrs. Conboy & Conboy, acting on behalf of said Arvin L. Botting and Anna Botting as successors in interest and as duly qualified executrix of Lucinda C. Weaver, deceased, an order was procured, dated the

4th day of May, 1937, entered with the judgment on the 17th day of May, 1937, substituting said Arvin L. Botting and Anna Botting as successors in interest and said Anna Botting as executrix, etc., in the place of the plaintiff.

The judgment of May 4, 1937, dismissed the complaint and ordered the cancellation of the *lis pendens* filed in said action on the 13th day of November, 1936. The judgment roll in this action was offered and received in evidence as Exhibit 15.

The judgment in said action was, of course, binding upon the estate of Lucinda C. Weaver, deceased, and upon Anna Botting as executrix of the last will and testament of Lucinda C. Weaver and upon her individually. There has been no appeal from this judgment.

The effect of this judgment was to establish (the death of Lucinda C. Weaver having terminated the life estate reserved) the title to the lands conveyed by said deed of May 26, 1936, as of that date, in Edward B. Sizeland.

On the 3d day of May, 1937, after the decision of the action dated April 15, 1937, Messrs. Conboy & Conboy, as attorneys for the plaintiffs, brought the action herein in behalf of Floyd A. Fox and Flora Vandewalker Bush, as administrators of the goods, chattels and credits of Alvin D. Fox, deceased, against Edward B. Sizeland and Anna Botting, as executrix of the last will and testament of Lucinda C. Weaver, for the purpose of setting aside said deed to Edward B. Sizeland of May 26, 1936. We have here an anomalous situation, in which the same attorneys who sought on behalf of Mrs. Weaver to set aside the Sizeland deed, and who were defeated in that effort, are seeking to accomplish substantially the same result in the pending action upon the promissory note of $2,030, hereinbefore described, on the ground that the deed of May 26, 1936, made Mrs. Weaver insolvent; in the action the executrix of the estate of Lucinda C. Weaver, deceased, is made a party defendant, in which she makes no resistance to the claims of the plaintiffs.

Alvin D. Fox died prior to November 15, 1930, upon which day letters of administration upon his estate were issued to these plaintiffs. Alvin D. Fox at the time of his death was the holder of the note of $2,030, Exhibit 2 herein. This note came into possession of the administrators on the 15th day of November, 1930; it never was listed as an asset of the estate. The renewal note (Exhibit 2), however, apparently was executed and delivered September 1, 1932. No effort was made, so far as appears, by these administrators to collect this note from Lucinda C. Weaver during her lifetime, but promptly after the decision in the action of *Weaver* v *Sizeland* (not reported) the present action was commenced.

As appears by the judgment therein, the notice of pendency in the action of *Weaver* v. *Sizeland* was filed on the 13th day of November, 1936, and was canceled by the judgment therein of May 4, 1937, entered May 17, 1937. The plaintiffs herein were not parties to the action, nor did they make application to be brought in as parties. Were any rights which they have in this action cut off by reason of the provisions of section 121 of the Civil Practice Act, which provides, as to the effect of notice of pendency, as follows: " § 121. Where a notice of the pendency of an action may be filed, the pendency of the action is constructive notice, from the time of so filing the notice only, to a purchaser or incumbrancer of the property affected thereby, from or against a defendant with respect to whom the notice is directed to be indexed. A person whose conveyance or incumbrance is subsequently executed or subsequently recorded is bound by all proceedings taken in the action after the filing of the notice to the same extent as if he was a party to the action."

Subdivision 3 of section 193 of the Civil Practice Act provides: " 3. Where a person not a party to the action has an interest in the subject thereof, or in real property the title to which may in any way be affected by the judgment, * * * and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

This was clearly a case where a *lis pendens* should be filed. The action was brought by the grantor to set aside the conveyance on the ground of fraud of the grantee. The plaintiffs in the present action were general creditors of the grantor; by no construction could it be held that they were either purchasers or incumbrancers; they were interested in the subject of the action; they might have made application to be brought in as parties thereto on the ground that they were creditors of Lucinda C. Weaver and interested in the result; they were not necessary parties, nor were their rights affected by it.

On the 22d day of April, 1937, Edward B. Sizeland conveyed the premises involved in this action to his son, Millard E. Sizeland, by a full covenant deed, recorded in the Jefferson county clerk's office on the 19th day of May, 1937, in book 419 of Deeds at page 525. Millard E. Sizeland retained the services of attorneys Messrs. Kitay & Jacobson to defend the title of his father, Edward B. Sizeland, in the action brought by Lucinda C. Weaver to set aside the deed; he paid the bill of the attorneys hired by him and appearing for his father; he also paid the taxes upon the land due in the year 1936 in the sum of $47.84, also $22.20 for insurance premiums on insurance covering the buildings upon the property, the school tax

of $18.39 due in November, 1936, and the school tax of $17.82 in July, 1938, making his total expenditures $481.25; he is making no claim here that the deed is other than a mortgage; although he has supported his father, who lives with him, he is asking for no repayment on that account.

Promptly after the present action was brought Millard Sizeland moved to be brought in as a party defendant. On February 3, 1938, the attorneys for the plaintiff, Edward B. Sizeland, and Millard Sizeland entered into a stipulation whereby the motion made by Millard Sizeland for an order bringing him in as a party under subdivision 3 of section 193 of the Civil Practice Act was withdrawn; the summons and complaint was amended by adding the name of Millard Sizeland as a party defendant and by adding to the complaint certain amendments, as follows:

" 9. On May 3, 1937, a notice of pendency, together with the summons and verified complaint in this action, were filed in the Jefferson County Clerk's office.

" 10. On May 17, 1937, a copy of the summons and complaint was served personally on the defendant Edward B. Sizeland.

" 11. On or about May 19, 1937, a deed of the property herein described, from Edward B. Sizeland to Millard Sizeland, was recorded in Jefferson County Clerk's office.

" 2-a. Against the defendant Millard Sizeland determining that such defendant has no interest in the real property herein described, except as subject to the plaintiff's interest therein."

In this wise Millard Sizeland was brougnt in as a defendant in this action.

This deed must be construed as a mortgage. It is claimed by the plaintiffs that all rights of Millard Sizeland were cut off under the above-quoted section 121 of the Civil Practice Act by reason of the filing of the *lis pendens* prior to the recording of the mortgage. I find no justification for such a claim. The plaintiffs here derived no title to the property in question; they are neither purchasers nor incumbrancers; their only interest is in the use of the property for the discharge of their debt; they held a note, a chose in action; their claim is resisted; it is really a claim against the estate of Lucinda C. Weaver; they had no lien upon the property nor any judgment against Lucinda C. Weaver or her estate. The filing of the *lis pendens* was not necessary; it was a precautionary measure. The plaintiffs' right to maintain this action arises out of the provisions of section 268 of the Real Property Law, and under that section the action is one by a creditor for the benefit of creditors or others interested in the real property. This section authorizes the bringing of such an action without having first obtained a judgment

upon the claim, and provides that the claim, if disputed, may be established on the trial. The section further provides: "The judgment in such action may provide for the sale of the premises or property involved, when a conveyance * * * is set aside, and that the proceeds thereof be brought into court or paid into the proper Surrogate's Court to be administered according to law."

The only attack here made upon the mortgage deed to Millard Sizeland is that it was cut off by the filing of the *lis pendens* herein. There is no foundation for this claim. Had Edward B. Sizeland, after giving the deed mortgage to his son, conveyed this property for value to an innocent purchaser prior to the recording of the deed to his son, no doubt such a deed, taken in good faith and duly recorded, would have had priority in right over the deed to Millard Sizeland; but that is not this situation. The plaintiffs here are seeking to recover on account of a claim against the estate of Lucinda C. Weaver long antedating any of the transactions involved in this action. Fundamental rights may not be so easily defeated, nor the recording acts so easily frustrated.

The plaintiffs here, in disputing the lien of Millard Sizeland for the moneys which he paid, secured by the deed, contend that his deed was cut off by the *lis pendens* filed herein, and rely upon the opinion in *Ayrault* v. *Murphy* (54 N. Y. 203) and the provisions of section 121 of the Civil Practice Act, above quoted.

Section 291 of the Real Property Law (Recording Act [Real Prop. Law, art. 9]), after providing for the recording of conveyances of real property, reads: " Every such conveyance not so recorded is void as against any subsequent purchaser *in good faith and for a valuable consideration*, from the same vendor * * * of the same real property, or any portion thereof, whose conveyance is first duly recorded."

The basic purpose which led to the enactment of the Recording Acts was to prevent persons owning lands from selling them more than once (*Jackson ex dem. Merrick* v. *Post*, 15 Wend. 588); the recording of a deed operates as a defense, save as against a subsequent *bona fide* purchaser (*Fryer* v. *Rockefeller*, 63 N. Y. 268); if a subsequent purchaser would assail a prior unrecorded conveyance he must show that he himself was a *bona fide* purchaser for value without notice, as well as the fact that his instrument was first recorded. (*Westbrook* v. *Gleason*, 79 N. Y. 23. See, also, *Brown* v. *Volkening*, 64 id. 76.) A mortgage and the assignment of a mortgage are conveyances within the meaning of this section (*Gibson* v. *Thomas*, 180 N. Y. 483; *Larned* v. *Donovan*, 84 Hun, 533; affd., 155 N. Y. 341; *Syracuse Savings Bank* v. *Merrick*, 182 id. 387); and this is true where a mortgage is given to secure advances

(*Ackerman* v. *Hunsicker*, 85 N. Y. 43); but a judgment creditor is not a purchaser within the meaning of this section, and an unrecorded deed or mortgage takes preference over a subsequent judgment unless there is a superior equity in favor of the holder of the latter. (*Sullivan* v. *Corn Exchange Bank*, 154 App. Div. 292.) In the absence of fraud, a judgment has effect only on the actual interest in the land which the judgment debtor had at the time of the recovery of the judgment, and the title of a grantee of the judgment debtor under a conveyance antedating the judgment has precedence over the judgment, although the grantee has not recorded his deed, which fact creates no equity in favor of a judgment creditor, as the latter is not a purchaser within the Recording Acts. (*Trenton Banking Co.* v. *Duncan*, 86 N. Y. 221.)

It is unnecessary here to discuss a *bona fide* fraud or consideration, for the reason that these questions are not involved herein; the question in regard to Millard Sizeland involves *lis pendens* alone; as mortgagee, he was a purchaser for value and in good faith. If there be interest in these subjects attention is called to the following citations: *Todd* v. *Eighmie* (10 App. Div. 142); *Williamson* v. *Brown* (15 N. Y. 354); *Reed* v. *Barkley* (123 Misc. 635); *People* v. *Douglass* (217 App. Div. 328); *Herubin* v. *Malackowski* (113 Misc. 100); *Northrup* v. *Coon* (154 App. Div. 337).

So much for the basic law. Now for procedure and the effect of *lis pendens* as considered in the *Ayrault* case (*supra*).

In the *Ayrault* case one Savage was in 1858 appointed receiver in supplementary proceedings at the instance of judgment creditors of one George Murphy; on the 16th of April, 1859, he, as receiver, brought an action to set aside a deed from George Murphy to Edward Murphy on the ground that it was fraudulent as against creditors of George Murphy, and on April 16, 1859, filed a notice of pendency of this action. Edward Murphy, on or about the 14th of April, 1859, executed a mortgage upon the premises to the plaintiff George Ayrault to secure the payment of the sum of $1,200, and interest, which mortgage was duly recorded in the county clerk's office on the *18th day of April, 1859*, two days after the filing of *lis pendens* in the receiver's action. In the receiver's action to set aside the deed given by George Murphy, judgment debtor, to Edward Murphy, George Ayrault, mortgagee, was not made a party, nor did he apply to be brought in as a party. In his action to foreclose the mortgage the Court of Appeals in 1873 held that the mortgagee was bound by the proceedings brought by Savage as receiver to set aside the deed from George Murphy to Edward Murphy, Ayrault's mortgagor; that the title of the receiver, Savage, and the judgment creditors was prior and paramount to the mortgage of Ayrault, and that their

title could not be foreclosed in the action, and that the complaint in the foreclosure action be dismissed. The Court of Appeals, in its opinion, said: " The mortgage which the plaintiff seeks to enforce was not recorded until two days after the commencement of that action [the action to set aside the deed from George to Edward Murphy], and notice of its pendency duly filed in the office of the clerk of the county where the premises were situated; and hence the plaintiff became bound by the proceedings in that action (Code, § 132), in which the title of the mortgagor was as against Savage as receiver, and * * * judgment creditors of George Murphy, held to be fraudulent and void and in pursuance of an order contained in that judgment, Savage as receiver, had, before the commencement of this action [the foreclosure action], become invested with the title to the mortgaged premises." (Section 132 of the Code of Procedure is the predecessor of sections 120–123 of the Civil Practice Act.)

The court, however, said that the plaintiff had mistaken his remedy, in the following language: " The plaintiff's remedy, if he had any, was by an action to redeem the premises from the lien of Savage as receiver, or for the avails of the premises (if they had been sold) exceeding the claims of the receiver thereon. The complaint in this action had no such aspect, nor was the right of the plaintiff to have relief of either character even suggested on the trial."

The failure to record a deed or a mortgage does not make the deed or the mortgage void between the parties, nor as against any person excepting a purchaser or incumbrancer in good faith for a valuable consideration and without notice of the unrecorded conveyance. To hold otherwise would be tantamount to holding that an unrecorded conveyance made before the commencement of action made the purchaser a purchaser *pendente lite*. Any such rule would be abhorrent to justice and to equity.

In the *Ayrault* case, while the court did hold that the holder of an unrecorded mortgage was bound by the proceedings to set aside the deed, it said nothing about what would have happened if he had intervened in the action; it did say, however, that, while he was bound by the proceeding, he was not without remedy provided he brought the proper action.

In the instant case Millard Sizeland, having supplied the money to defend his father's title in the action of Lucinda C. Weaver against his father to set aside her deed to him on the ground of fraud, and his father having succeeded in that action, and he having received from his father a deed mortgage taken in good faith by him upon property the title to which had just been sustained by the court, to secure

him for the payment by him of attorneys hired to sustain his father's title, is it not passing strange that, in another attack upon that title, by the same attorneys, and on account of an antecedent debt, such an abhorrent doctrine would be appealed to? There was no delay here as in the *Ayrault* case; no suggestion of fraud. Millard Sizeland was not at fault for not earlier recording the mortgage; if there was any fault it was that of his attorneys; there were many pending things to be done before the entry of the judgment establishing the title of his father in the mortgaged premises. He promptly sought to be brought in, and he was entitled, under subdivision 3 of section 193 of the Civil Practice Act, to be brought in as a party; he is here, by common consent, a party defendant, and he has satisfied the court that on the strength of this deed mortgage he has advanced moneys in good faith to the extent of the items above mentioned, totaling $481.25, and he has a lien to that extent prior to the lien or claim of the creditors of the estate of Lucinda C. Weaver.

The plaintiffs are entitled to judgment setting aside, *to the extent necessary to satisfy their claim*, the deed from Lucinda C. Weaver to Edward B. Sizeland; subject, however, to the prior lien of Millard Sizeland of $481.25 on the premises described in said deed, and to the appointment of a referee to make sale of said premises, who, after payment of the expenses thereof, together with his fees upon making the sale, to be fixed by the court, will make report of his proceedings upon the sale; the same to be held subject to the approval of the court. Upon the coming in of the report of the referee, the question of costs to be settled. If there be any surplus over and above the expenses of the sale, the amount of the prior claim of Millard Sizeland, the claim of the plaintiffs, the claims of any other unsatisfied creditors of the estate of Lucinda C. Weaver, deceased, and the amount of the costs to be awarded, such surplus to be paid over to Edward B. Sizeland.

Plaintiffs will prepare findings of fact and conclusions of law and form of judgment in accordance herewith, to be settled, if not agreed to, upon two days' notice.

Judgment ordered accordingly.