CHARLES F. RICH, Plaintiff, *v.* SHIRLEY MCCARTHY et al., Defendants.

Supreme Court, Special Term, Rockland County, May 4, 1950.

*Frederick R. Engels* for plaintiff.

*Kennedy, Teale & Kennedy* for James P. Rice, defendant.

BAILEY, J. Upon an agreed statement of facts the question is submitted as to whether the lien of a judgment is prior to the lien of the mortgage, the foreclosure of which is the subject of the action. The judgment creditor as a defendant in the foreclosure action denies in his answer that the lien of the mortgage is superior to that of the judgment. The mortgage is dated September 7, 1948, and recorded September 15, 1948, principal payable December 1, 1948. An extension agreement was made dated April 26, 1949, and recorded February 10, 1950, by which the terms of payment of the principal sum were modified so as to provide for quarterly payments of principal and interest commencing July 22, 1949. Defendant's judgment was

docketed August 23, 1949, based upon an indebtedness incurred by the mortgagor for merchandise furnished between April 1, 1948, and July 20, 1949.

The mortgage when made constituted a valid lien upon the property and continued as such until satisfied. It was a matter of record throughout a greater part of the period during which defendant's transactions ensued with the mortgagor culminating in the judgment. Credit could not have been extended to the mortgagor with reliance upon the unencumbered ownership of the land in question. The failure to record the extension agreement until a date subsequent to the judgment affords no priorities to the judgment creditor and creates no equities in his favor. The judgment took effect only upon the interest in the land which the judgment debtor had at the time of the recovery of the judgment. (*Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221.)

The recording act (Real Property Law, § 291) provides protection for subsequent purchasers and mortgagees but not judgment creditors. (*Blum* v. *Krampner,* 28 N. Y. S. 2d 62, affd. 261 App. Div. 989; *Fox* v. *Sizeland,* 170 Misc. 390.)

Upon this submission it is therefore determined that the lien of plaintiff is superior to that of the judgment creditor defendant and plaintiff may proceed accordingly.